15367

JAMES v. ATLANTIC COAST LINE R. CO.

(18 S. E. (2d), 616)

46

July 1940.

*Messrs. McEachin & Townsend,* of Florence, for appellant,

48

*Messrs. Woods & Woods,* of Marion, and *Messrs. Willcox, Hardee, Houck & Wallace,* of Florence, for respondent,

Counsel for appellant, in reply brief,

February 4, 1942.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

This action is brought under the Federal Employer's Liability Act, 45 U. S. C. A., §§ 51-59, to recover damages for the death of appellant's intestate, a railroad conductor in the employ of respondent, and who was the conductor in charge of the movement of a large new type of engine, without cars attached, from Rocky Mount, North Carolina, to Florence, South Carolina. While the engine was still in motion, and shortly before it was contemplated that it would be brought to a complete stop upon clearing the umbrella shed to the south (in fact, west) extending over the several tracks adjacent to the passenger station of respondent at Florence, appellant's intestate, by the use of the ladder-like steps on the side of the engine, attempted to dismount, and in so doing, came into contact with the front of two baggage trucks chained together with locked wheels, that is the "standard" on the nearest truck, standing on the concrete walkway adjacent to the track of respondent, knocking him from the side of the engine to a space between the track and the concrete walkway, resulting in injuries from which he died the following day.

The engine upon which the decedent was riding and of which he had charge, reached the passenger station at Florence at between 6:50 and 7 o'clock P. M., on March 30, 1938, and while the sun had set, the visibility was good according to all witnesses, and if appellant's intestate had looked in the direction in which the engine was being driven before or while dismounting, he could have seen the baggage trucks, and observed their position in regard to the track upon which the engine was travelling. This new type engine was $5\frac{1}{4}$ inches wider on each side than the usual engine in use by the respondent, but the appellant's intestate knew that it was wider and larger, in fact it had the appearance of being even wider than the specifications show, and

he had gotten off and on this engine at several stops between Rocky Mount and Florence. The only duty appellant's intestate had to perform in reference to this engine after it reached its destination (Florence, insofar as he was concerned) was to register at the passenger station, and if he had remained on the engine until it came to the point where he had been informed it would be stopped by the engineer at the throttle, he would have had to walk back only fifty steps in order to reach the walkway to the passenger station. And he was in charge of the engine until it came to a stop at its destination.

There are one or two other minor details to which we attach no significance, and we have therefore set out only the essential, and we might say, undisputed facts. While there is some testimony that the engine was from ten to eleven inches wider on each side, such testimony came from witnesses who had made no measurements and were merely estimates, whereas, the specifications from which the engine was built show five and one-quarter ($5\frac{1}{4}$) inches.

The case was tried at a special term of Court before the Honorable L. D. Lide, presiding Judge, and a jury, and resulted in a verdict for the respondent. Motion for a new trial was made and thereafter heard by Judge Lide. After taking the matter under advisement Judge Lide, with his usual painstaking care, considered the grounds of the motion, fifteen in number, and overruled the same. From the verdict and the order overruling this motion for new trial, appellant appeals.

The principal ground of the appeal is alleged error in excluding evidence of a claimed custom of the respondent as to the distance from the center of the track and from the edge of the crossties observed in placing obstacles, such as baggage trucks near its tracks in and around its passenger stations.

A proper consideration of this question requires a careful analysis of the complaint. It alleges that on or about March

30, 1938, appellant's intestate, a passenger conductor, was sent as one of a crew from Rocky Mount, North Carolina, to deliver at Florence, South Carolina, a large new engine, wider by about ten inches than ordinary engines, which had that day been put into service by the respondent; that appellant's intestate came down the ladder-like steps at the side of the engine backward in order to dismount while the engine was moving and came "in contact with a truck of the defendant standing with locked wheels in a position too close to the track on which the engine was moving." The specifications of negligence submitted to the jury involved in the questions now under consideration, are as follows:

"(2) In placing the truck too close to the track on which its new engine was running;

\* \* \* \* \* \*

"(4) In placing its truck in such close proximity to the track on which plaintiff's intestate's engine was moving as to strike and cast the plaintiff's intestate between the engine and the concrete walkway;

"(5) In failing to furnish the plaintiff's intestate with a safe place to work in that its truck was placed with locked wheels too close to a track on which its new engine was moving;

\* \* \* \* \* \*

"(7) In failing to warn the plaintiff's intestate by signs, instructions, or otherwise, of the care and precautions necessitated by the width and construction of its new engine;

"(8) In failing to maintain its station yard in proper condition to meet the requirements of its new engine;

"(9) In failing to park its truck a sufficient distance from its track to clear the plaintiff's intestate or anyone else ascending or descending the steps of its moving locomotive."

A fair consideration of the complaint can only lead to the conclusion that respondent was thereby advised that appellant intended to charge respondent with negligence in placing a truck too close to the track in view of the special and

unusual conditions brought about by this new, larger and unusual type of locomotive engine, the theory being that new and special duties, wholly different from any that might have previously existed, rested upon respondent in regard to the placing of trucks by reason of the size and peculiarities of this new type of engine.

It was not alleged or even intimated by the complaint that there was then or previously in existence any rule, custom or standard of fixed clearance, and that such rule, custom or standard was violated. The trial Judge, however, repeatedly gave appellant the opportunity of producing and introducing in testimony any rule of the respondent requiring a fixed standard of clearance, a ruling, as will be later seen, probably more favorable to appellant than she was entitled to, but it was apparently conceded that there was no rule of respondent on the subject.

Appellant was permitted to show at what distance from the track the truck was actually placed; that it would not clear a person descending the ladder-like steps of this new and larger type of engine; and (on cross examination of respondent's witness, W. D. Quarles) that it was necessary in placing trucks to require some distance for clearance.

From a careful analysis of the complaint and the particular specifications of negligence, it would seem that the trial Judge correctly interpreted the complaint to charge that the truck was placed closer to the track than a person of ordinary reason and prudence would place it under the circumstances of this particular case, without regard to any other case. Indeed, the allegations of the complaint may be said to have fairly implied that any previous rule or practice was beside the point, and that on account of new conditions, a new and different standard of due care was required, measured by what a person of ordinary reason and prudence would do under the special circumstances. The trial Judge correctly held that the appellant could prove all of the circumstances surrounding the situation, and that it

would then be for the jury to say whether under all of the facts and circumstances of this particular case the truck was placed by respondent too close to the track.

■ In any view, under the peculiar circumstances here existing, testimony as to any custom or standard governing the placing of these trucks was wholly irrelevant and has no bearing on the case. The testimony on behalf of appellant showed that these trucks were placed for the purpose of serving passenger trains coming into the station, and that any custom or standard of placing them had relation to passenger trains and not to what is termed a "light engine," or an engine without cars. On this subject appellant brought out on the direct examination of her witness, L. C. Miller, the following:

"Q. On a light engine—do you know what is understood by the term light engine? A. Yes, sir.

"Q. What is it? A. An engine without cars.

"Q. On a light engine coming into the passenger yard, there is, of course, no baggage or express to come off it, is there? A. No, sir.

"Q. In placing the trucks on the yard, what is the purpose of placing them out there? A. To meet the requirements of the night trains.

"Q. To meet the requirements of the passenger trains that might be coming in? A. Yes, sir."

It is evident from this testimony that the claimed custom or standard sought to be proved applied to passenger trains coming into the station and had no relation to the movement of a "light engine," as was involved in this case. Consequently, any testimony as to a custom or standard applying to passenger trains was inapplicable and without any bearing whatever upon this particular case.

■ If it be conceded, however, that ordinarily testimony as to a custom or standard of clearance ought to be received as some proof of an allegation to the effect

that a truck was placed too close to the track, yet in this particular case appellant could not have suffered any harm by the exclusion of such testimony. That the truck was placed too close to the track, as alleged in the complaint, to clear a man descending from the side of this new and larger type of engine is perfectly obvious, without the aid of testimony as to any former or present custom or practice in that regard, because it was clearly established that the truck was too close to clear a man descending from the side of the engine; and in this view of the case, even if the testimony was competent to show that the truck was too close to the track, its exclusion could have done appellant no harm, and the error, if any, was entirely harmless.

If it be argued, as it has been, that the testimony might be relevant in rebuttal of the alleged contributory negligence and assumption of risk on the part of appellant's intestate, it cannot very convincingly be contended that he would have been reasonably warranted in relying upon a custom or practice applicable only to regular trains or in any event to engines ordinarily used in the service of respondent, and from which he might have been dismounting. In this same connection it must also be borne in mind, as previously pointed out, that appellant was permitted to show at what distance from the track the truck was actually placed; that it would not clear a person descending from the ladder-like steps of this new and large type of engine; and that it was necessary in placing trucks to require some distance for clearance. In relation to contributory negligence and assumption of risk this testimony obviously gave appellant every possible benefit she could have obtained from proof of the claimed custom or standard.

Under the peculiar circumstances existing in this case, we think it would have been manifestly unfair to respondent to have required it to contest a theory of the case of which it had not been previously advised, without an amendment to the complaint, for which there was no motion by appellant,

and an opportunity being given to respondent to meet the new and unexpected situation in some way, either by the withdrawal of the case from the jury at that time or otherwise.

In the trial of cases on circuit a large measure of discretion must be given to the Circuit Judge, both in the admission and exclusion of testimony, as well as many other matters connected with the trial, to the end that justice may be accomplished. He is present in the atmosphere of the trial and usually the best judge of what the justice of the particular situation requires. As recently said by Mr. Justice Stukes, in writing the opinion of the Court in *State v. Gregory,* 198 S. C., 98, 103, 16 S. E. (2d), 532, 534:

"At the outset we repeat the time-honored tenet that ordinarily the conduct of a trial, including the admission and rejection of proffered testimony, is largely within the sound discretion of the trial Judge and his exercise of such will not be disturbed by this Court on appeal unless it can be shown that there has been an abuse of discretion, a commission of legal error in its exercise, and that the rights of the appellant have been thereby prejudiced. * * *"

In *Dutton v. Atlantic Coast Line Railroad Co.,* 104 S. C., 16, 29, 88 S. E., 263, 266, it is also said: "* * * The relevancy of the testimony is left, in large measure, to the discretion of the presiding judge, and his ruling will not be reversed on appeal, unless it clearly appears that his discretion was erroneously exercised, to the prejudice of the appellant's rights, which has not been made to appear in this case."

This rule is again thus stated in *McLeod v. American Publishing Co. et al.,* 126 S. C., 363, 367, 120 S. E., 70, 71: "The circuit judge, who tries all cases, is vested with a large discretion, both as to competent testimony and the amount of testimony, and no doubt in this case will confine the trial to the true issues as made by the pleadings."

And the rule is again stated in *Vollington v. Southern Paving Construction Co. et al.,* 166 S. C., 448, 451, 165 S. E., 184, 185, as follows:

"Exceptions 3 and 4 charge error for that defendant's witness, Burras, was not allowed to answer the following question: 'Did you ever see any one else injured by one of these subgraders?'

"It does not need the citation of authority to establish that it is the rule of this court that the admission or rejection of evidence is left largely to the discretion of the court. We think that discretion was properly exercised in this instance. Other subgraders might be of different design than the one by which plaintiff was injured; some other grader might not be in the same state of repair or lack of repair as that one in question, and might be in a different use, and differently handled. * * * "

Appellant has cited several South Carolina cases in which testimony as to custom was held properly entitled to consideration, and we have given careful consideration to all of these cases, but we do not think there is anything in any of them to the contrary of the views herein expressed. All of these cases may be distinguished from this case by the peculiar facts and circumstances. These cases have been carefully reviewed and distinguished by Judge Lide in his order overruling the motion for a new trial, and it is not deemed necessary to discuss them in detail. It should be sufficient to say that the custom involved was either alleged in the complaint, or the testimony was received without objection, or there was an allegation of a duty corresponding with the custom, so that proof of the custom would tend to prove the alleged specific duty corresponding with the custom. Appellant has not called our attention to any South Carolina case, and we have found none, holding the exclusion of testimony of the character involved in this case to be erroneous under similar circumstances.

In addition to all of the considerations which we have discussed, it may very reasonably be contended that the case of *Pryor v. Atlanta-Charlotte Airline Railway Co. et al.*, 179 S. C., 423, 184 S. E., 137, is definite authority against the admission of the testimony as to the claimed custom or prescribed standard sought to be introduced in this case. In the *Pryor case*, in relation to the exclusion of a rule offered in testimony, the Court said at page 436 of the South Carolina Reports, at page 142 of 184 S. E.: " * * * In the case of *Gillis v. Atlantic Coast Line R. Co.*, 175 S. C., 223, 179 S. E., 62, several rules were introduced in evidence by the plaintiff, which referred to the duty of the engineer in movement of trains. This Court held that if the engineer failed to obey the signal from the plaintiff and thereby disobeyed the rules of the company as well as the rules of common prudence, this would be negligence on his part, which would be chargeable to the railroad company. In the *Gillis case* the rules were introduced in evidence without objection and no question was raised as to the relevancy of the rules. In the present case there is no allegation in the complaint or specification of negligence to the effect that the defendant violated its rules and no issue arises under the pleadings in this respect. * * * "

In view of the conclusions we have stated, it is unnecessary to pass upon the contention of respondent that the record indicates that appellant was given the opportunity to introduce testimony of this character, and failed to avail herself of the opportunity. We shall, therefore, pass over this contention without purporting to decide either for or against it.

Appellant further complains of alleged error in charging respondent's requests Numbers 3, 4, 5, and 6. We have carefully considered these requests, and so far as we are able to see they contain sound propositions of law, some of them being verbatim excerpts from decisions of the Supreme Court of the United States under the Federal Employers'

Liability Act. The requests are apparently amply sustained by the following cases: *Seaboard Air Line Railway v. Horton*, 233 U. S., 492, 34 S. Ct., 635, 58 L. Ed., 1062, L. R. A., 1915-C, 1; *Baltimore & Ohio R. R. Co. v. Groeger*, 266 U. S., 521, 45 S. Ct., 169, 69 L. Ed., 419; *Missouri Pac. R. R. Co. v. Aeby*, 275 U. S., 426, 48 S. Ct., 177, 72 L. Ed., 351; *Delaware, L. & W. R. R. Co. v. Koske*, 279 U. S., 7, 49 S. Ct., 202, 73 L. Ed., 578.

Appellant's remaining exceptions relate to alleged errors of commission and omission in the charge of the trial Judge. The same contentions were presented to Judge Lide on the motion for a new trial, and it seems to us that he has so adequately disposed of these objections to the charges that we adopt and quote the following applicable part of his order of November 28, 1940, overruling the motion for a new trial:

"The grounds of plaintiff's motion for a new trial based upon alleged errors in the charge to the jury do not seem to me to be substantial or to require extended discussion. I have given very careful consideration to the charge as incorporated in the typewritten transcript, and I do not find myself in accord with plaintiff's objections. The charge seems to me to properly state the applicable law, including apparently accurate instructions in relation to contributory negligence and assumption of risk.

"Several of the grounds of plaintiff's motion are based upon the claim that there should have been no charge at all on the defense of assumption of risk on account of failure of proof of such defense. Plaintiff never at any time requested the Court to withdraw such defense from the consideration of the jury, but aside from this I am of the opinion that there was ample evidence to justify the submission of such defense to the jury.

"Plaintiff also contends that the jury should have received more detailed and explicit instructions in relation to contributory negligence. It would seem evident, however, that

if a more detailed instruction was desired, it was incumbent upon plaintiff to so request, particularly in view of the fact that at the conclusion of the general charge the Court invited requests for further instructions, and plaintiff only requested further instructions as to the burden of proof of assumption of risk and contributory negligence. Also at the conclusion of the additional charge, when the jury returned to the Court-room for further instructions, plaintiff's counsel indicated no dissatisfaction with the additional charge given and only requested the Court to also instruct the jury that the negligence of any servant, agent or employee of the company would be the negligence of the company. The requests of plaintiff's counsel for additional instructions in both instances were given as requested, and it seems clear that if any further instructions were desired, it was incumbent upon plaintiff's counsel to so request."

On account of the conclusions we have reached as to appellant's exceptions, it is deemed unnecessary to give any consideration to respondent's additional ground for affirmance, based upon the contention that the motion for directed verdict in behalf of respondent should have been granted.

All exceptions of appellant are overruled, and the judgment affirmed.

MESSRS. ASSOCIATE JUSTICES BAKER, FISHBURNE and STUKES and MR. ACTING ASSOCIATE JUSTICE G. DEWEY OXNER concur.