20329

Russell L. JENNINGS and Anita M. Jennings, Appellants, v. Walter T. LAKE. Respondent.

(230 S. E. (2d) 903)

678

*Messrs. Lee, Moise and Myers,* of Sumter, and *James L. Edwards,* of Clinton, *for Appellants,*

*E. Maxcy Stone, Esq.,* of Newberry, *for Respondent.*

December 20, 1976.

*Per Curiam:*

This is an action by a client (appellants) against his attorney (respondent) to recover damages resulting from respondent's negligence in the examination of the title and preparation of the deed to a lot of land. The facts are not in dispute.

It appears that appellants desired and intended to purchase a certain lot of land fronting on the waters of Lake Murray, in Newberry County. Respondent,an attorney, was employed by appellants to examine the title to the property and determine if the title was marketable and whether there were any encumbrances thereon. Thereafter, respondent certified the title as marketable and free of encumbrances and furnished a deed to appellants in which the property was described as "on the waters of Lake Murray" and "running to the waters of the said Lake Murray." Relying upon respondent's certificate of title and the deed description of the land, appellants purchased the lot for the sum of $1500.00. After the purchase, appellants went upon the lot and made improvements.

Subsequently, appellants discovered that the lot purchased and improved by them did not run to the waters of Lake Murray, as called for by the description in their deed but, on the contrary, was separated from the water by a lot approximately 70' x 200' ("fringe land") owned by the South Carolina Electric and Gas Company.

The trial judge, before whom the issues were tried without a jury, concluded that respondent was negligent in rendering the certificate of title and entered judgment against him in the amount of $1500.00. There is no appeal from the finding by the trial judge that respondent was negligent in the title examination. See 59 A.L.R. (3d) 1176 for annotation on "Liability of Attorney for Negligence in Connection with Investigation or Certification of Title to Real Estate." The appeal is solely from the amount of the award of damages. Appellants contend that it was inadequate and that the trial judge applied the wrong measure of damages. The right to recover in some amount is not in issue in this appeal.

The sole question is the measure of the damages recoverable from an attorney for his negligence in certifying a title to real estate, where part of the land certified and subsequently improved by the purchaser, was not owned by the seller.

The lower court held that the measure of damages in this case would be the purchase price paid by appellants, which was the sum of $1500.00. This conclusion was based upon the following reasoning: "Plaintiffs (appellants) paid a consideration of only $1500.00 on March 17, 1973, for the lot purchased. Assuming, under the most favorable possible position to plaintiffs, that the deprivation of beneficial use and ownership of the 'fringe land' causes to plaintiffs the complete loss of value of what they purchased, then that loss monetarily is their expenditure of $1,500.00."

The record shows that the "fringe land" can be purchased for the sum of $3,000.00, plus costs of appraisal, survey, and paper work. This would give to appellants the full area certified by respondent as included in their deed, that is to the waters of Lake Murray. Appellants contend that they are entitled to recover as damages the amount necessary to acquire the "fringe land." No question is raised as to the reasonableness of the price asked for the additional area. Neither has any issue been presented as to the feasibility of removing the improvements made upon the land or, if feasible, any effect it might have on the question of damages.

▮ As a general rule, an attorney, who negligently certifies a title to be good, is liable to his client for the damages sustained as a proximate result of such negligence, 7 C. J. S. Attorney and Client § 157 (f).

▮ An exact rule for determining the amount of such damages is difficult to formulate and must to some extent depend upon the facts of each case. Under the facts of this case, however, we think appellants were entitled to recover the difference between the value of the actual property received and the value of the property which would have been received if it had contained the quantity or acreage certified by the attorney.

While the trial testimony is not included as a part of the record, the statement in appellants' brief is unchallenged

that, after receiving the deed and title certificate, improvements were placed on the land purchased. The award of only $1500.00, the amount paid by appelants for the land, would not, therefore, represent the total damage to them because of its failure to take into consideration the question of improvements.

The actual value of the land at the time of conveyance was $1500.00; and the market value without the deficiency in quantity or acreage was $4,500.00, plus the costs of survey, etc. for the transfer of the "fringe land". The difference between the two values is $3,000.00, plus the cost of survey, etc. This difference would give the proper total damages sustained, for which respondent would be liable.

The judgment is accordingly reversed and the cause remanded for entry of judgment in appellants' favor against respondent for the foregoing amount.