23901

Ralph BASS, Sr. and Mary Bass, Respondents v. Timothy FARR, William Edwards, and American Security Corporation, Defendants, OF WHOM Timothy Farr is Petitioner.

(434 S.E. (2d) 274)

Supreme Court

*David W. Holmes*, of *The Holmes Law Firm*, Greenville, *for petitioner.*

*Clifford F. Gaddy, Jr.*, Greenville, *for respondents.*

*Cecil H. Nelson*, Greenville, *for defendants.*

Heard May 3, 1993.

Decided July 12, 1993.

HARWELL, Chief Justice:

We granted Timothy Farr's (Farr) petition for writ of certiorari to review *Bass v. Farr*, Op. No. 92-UP-085 (S.C. Ct. App. filed April 29, 1992). Farr contends that the Court of Appeals erred in finding that the trial judge directed inconsistent verdicts as to the marketability of title to real estate. We agree and reverse.

## I. FACTS

In 1987, Ralph Bass, Sr. and Mary Bass (the Basses) sought to purchase a small portion of commercially zoned land for the purpose of moving a nearby home onto the property, renovating it, and then reselling it as an office building. The Basses hired Farr, an attorney, to close the transaction. Farr discovered a restriction in earlier deeds limiting the property to residential use, but concluded that the restriction was of no effect because the property was zoned for commercial development and had been used for commercial purposes for several years. Relying on Farr's opinion that title was marketable, the Basses purchased the property and prepared it for resale as a professional office site.

In 1988, American Security of Greenville, Inc. (American) contracted to purchase the Basses' property. While an employee of American was visiting the property, a landowner from a neighboring residential development commented to him that American should check the restrictions limiting the

property to residential use before closing the purchase. Based on this comment, American's attorney took the view that litigation regarding the restriction was probable and opined that the Basses' title was unmarketable. Relying on counsel's advice, American did not purchase the property. Thereafter, the Basses filed this action against Farr, alleging breach of contract and professional negligence during their purchase of the property from Edwards. The Basses also commenced action against American, alleging that it breached the contract to purchase the property.[1]

At the close of the Basses' case, Far and American moved for directed verdicts. During argument on those motions, the Basses took the position that the title was marketable and conceded that Farr reasonably could have reached that conclusion. The trial judge ruled that the "correctness" of Farr's conclusion that title was marketable was not an issue for the jury and that "the acts of Mr. Farr in concluding that the title was marketable" were "proper." The trial judge also found that the Basses' title was not marketable and, therefore, directed a verdict for American on the breach of contract claim. The Basses' claims that Farr was negligent in failing to advise them of the restrictions, negligent in advising them that title insurance was unnecessary, and that Farr breached a contract to render professional services went to the jury. The jury found for Farr on all claims and the Basses appealed.

On appeal, the Basses asserted that "not only did the trial judge rule that American Security was not required to close the contract with Bass because the title was unmarketable, he made a contradictory decision by directing that Attorney Tim Farr could not be held liable when he advised title was marketable." The Court of Appeals agreed, finding that the trial judge ruled inconsistently by holding that the "buyers did not have to comply with the contract because the property was unmarketable [while] at the same time, . . . the attorney could not be held liable because the property was marketable." Based on this view of the trial judge's ruling, the Court of Appeals held that the trial judge

---

[1] The Basses also sued William Edwards, the prior owner of the property, claiming that he negligently and carelessly misrepresented that the property could be used for an office site. The claim against Edwards was voluntarily dismissed with prejudice and is not relevant to this appeal.

erred by "granting Farr's motion for a directed verdict as to marketability."

## II. DISCUSSION

Farr contends that the Court of Appeals erred in finding that the trial judge directed inconsistent verdicts as to the marketability of the Basses' title. We agree.

It is undisputed that the trial judge ruled as a matter of law that the Basses' title was unmarketable. The record establishes that the trial judge was unwavering on this point and, although asked to do so, never ruled to the contrary. The Basses' assertion that the trial judge made a contradictory ruling arises from their misunderstanding of his ruling with regard to Farr's negligence in certifying title. The Basses attempt to cast this ruling as a finding that Farr was "correct in his opinion as to the marketability of title" and then assert that Farr could not be correct if the title was unmarketable. We do not agree with the Basses' interpretation of this ruling.

In response to Farr's request to determine that the title was marketable, the trial judge stated:

> [Y]ou're wanting this Court to rule that the property is marketable but, yet, it's uncontradicted testimony it wouldn't be marketable. . . . [I] expressed to you lawyers in chambers on yesterday, I find no fault with the manner in which Mr. Farr conducted his title search, all (sic) with the conclusion as to his opinion as to the property being used for commercial or office use only as put in the deed.

Further, when ruling on Farr's motion for a directed verdict, the trial judge stated:

> I do not deem it to be an issue for the jury as to the correctness of the conclusion of Mr. Farr that he could certify this title and that the title was marketable; . . . I find the acts of Mr. Farr in concluding that the title was marketable, based on his information, and in concurrence with what Mr. Dillard and Mr. McAlister said they would find, I find that to be proper. . . .

Later, the trial judge explained his ruling to the jury as follows:

I have further ruled as a matter of law that Mr. Farr, in his arriving at his opinion back in 1987 when the Edwards sold the property to Mr. and Mrs. Bass, Sr., that it was reasonable in the manner in which he arrived at his conclusion, his conclusion being that the title was marketable, was proper. . . .

We conclude that the clear gravamen of the trial judge's ruling is that Farr was not negligent in certifying the title, rather than that Farr was "correct" in finding that title was marketable, as the Basses' claim. When viewed in this context, the trial judge's ruling as to Farr's negligence is not inconsistent with the finding that title was unmarketable. The fact that an attorney is incorrect as to the ultimate marketability of a title to real estate does not establish that he was negligent. *See Jennings v. Lake,* 267 S.C. 677, 230 S.E. (2d) 903 (1976) (liability arises where the attorney *negligently* certifies title); *Cianbro Corp. v. Jeffcoat & Martin,* 804 F. Supp. 784 (D.S.C. 1992) (the law does not require that an attorney be infallible and simply because an attorney has made a mistake does not establish negligence or malpractice as a matter of law). Because we find that the trial judge did not rule inconsistently as to the marketability of the Basses' title, that portion of the Court of Appeals opinion reversing the trial judge's directed verdict for Farr and remanding the case for a new trial is

Reversed.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.