# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Amber Johnson, Petitioner,

v.

Stanley E. Alexander, Mario S. Inglese and Mario S. Inglese, PC, of whom Stanley E. Alexander is the Respondent.

v.

Mario S. Inglese and Mario S. Inglese, PC, Third Party Plaintiffs,

v.

Charles Feeley, Third Party Defendant.

Appellate Case No. 2014-001167

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Charleston County
The Honorable J. C. Nicholson, Jr., Circuit Court Judge

---

Opinion No. 27553
Heard June 2, 2015 – Filed July 29, 2015

---

## REVERSED AND REMANDED

---

Mary Leigh Arnold, of Mary Leigh Arnold, PA, of Mt. Pleasant; Justin S. Kahn and Wes B. Allison, both of Kahn Law Firm, LLP, of Charleston, for Petitioner.

Joel W. Collins, Jr., of Collins & Lacy, PC, of Columbia, and Robert F. Goings, of Goings Law Firm, LLC, of Columbia, for Respondent.

_____

**JUSTICE HEARN:** In this attorney malpractice case, Amber Johnson alleges her closing attorney, Stanley Alexander, breached his duty of care by failing to discover the house Johnson purchased had been sold at a tax sale the previous year. The trial court granted partial summary judgment in favor of Johnson as to Alexander's liability. On appeal, the court of appeals held Alexander could not be held liable as a matter of law simply because the attorney he hired to perform the title work may have been negligent. Instead, the court determined the relevant inquiry was "whether Alexander acted with reasonable care in relying on [another attorney's] title search"; accordingly, it reversed and remanded. *Johnson v. Alexander*, 408 S.C. 58, 64, 757 S.E.2d 553, 556 (Ct. App. 2014). We disagree and find the trial court properly granted summary judgment as to liability. We therefore remand to the trial court for a hearing on damages.

## FACTUAL/PROCEDURAL BACKGROUND

Alexander acted as Johnson's closing attorney when she purchased a home in North Charleston on September 14, 2006. The title examination for the home had been performed by attorney Charles Feeley at the request of Johnson's previous attorney, Mario Inglese. Alexander purchased the title work from Inglese and relied on this title exam in concluding there were no back taxes owed on the property. Thereafter, Johnson learned the house had been sold at a tax sale and she did not have title to the property. In fact, the property had been sold October 3, 2005, almost a year prior to Johnson's purchase. Because of the title issue, the mortgage payments on the home ceased and the property eventually went to foreclosure.

Johnson brought this cause of action for malpractice, breach of fiduciary duty, and breach of contract against Alexander and Inglese. Specifically, Johnson alleged the attorneys owed her a duty to perform a complete title exam on the property to ensure she received good and clear title.

Johnson moved for partial summary judgment as to Alexander's liability. At the hearing, Johnson submitted the affidavit of Mary Scarborough, the Delinquent Tax Collector for Charleston County. She attested that she "had direct and personal knowledge that information regarding delinquent taxes for real properties located in Charleston County, South Carolina, was readily and publicly available in July, August and September of 2006" in the Office of the Register Mesné Conveyance for Charleston County via a mainframe database. Furthermore, she stated that the Delinquent Tax data for Charleston County real properties has been publicly available on a mainframe database since 1997, when she helped design the system currently in use.

Alexander presented an affidavit from Feeley stating that although he could not remember the specific details of this title exam, he conducted all his examinations the same. Feeley further detailed his process at length, explaining his reliance on the Charleston County Online Tax Systems and his practice of searching back ten years of tax payments. He indicated his notes showed he found no back taxes due or owing. Feeley also attested that a prior tax sale would not have been disclosed in the chain of title for this property or made publically available in the RMC office at the time of the title examination and closing in 2006 because the tax sale deed was not recorded until December 12, 2006.

The circuit court granted Johnson's motion as to Alexander's liability. The court relied heavily on Alexander's pleadings and admissions in his deposition that as a closing attorney he had a responsibility to ensure marketable title. Additionally, the court found Alexander had proximately caused Johnson's damages, but left the determination of the amount for a later hearing.

On appeal, the court of appeals reversed and remanded, holding the circuit court incorrectly focused "its inquiry on whether an attorney conducting a title search on this property should have discovered the delinquent taxes from 2003 and 2004 and the tax sale from 2005." *Johnson*, 408 S.C. at 62, 757 S.E.2d at 555. Instead, the court of appeals held the proper question was "whether Alexander acted reasonably under the existing circumstances in relying on the title search performed by Feeley." *Id.* at 63, 757 S.E.2d at 555. Finding there was a genuine issue of material fact as to whether Alexander acted reasonably, the court of appeals reversed the grant of summary judgment and remanded for trial. *Id.* at 64, 757 S.E.2d at 556. This Court granted certiorari to review the opinion of the court of appeals.

## ISSUE PRESENTED

Did the court of appeals err in reversing the circuit court's grant of summary judgment and remanding the case for trial?

## STANDARD OF REVIEW

When reviewing a grant of summary judgment, this Court applies the same standard as the circuit court pursuant to Rule 56(c), SCRCP. *Stevens & Wilkinson of S.C., Inc. v. City of Columbia*, 409 S.C. 568, 576, 762 S.E.2d 696, 700 (2014). Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), SCRCP. In determining whether any triable issues of fact exist, the Court views the evidence and all reasonable inferences that may be drawn in the light most favorable to the non-moving party. *Evening Post Pub. Co. v. Berkeley Cnty. Sch. Dist.*, 392 S.C. 76, 81–82, 708 S.E.2d 745, 748 (2011). To withstand a summary judgment motion in cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence. *Turner v. Milliman*, 392 S.C. 116, 122, 708 S.E.2d 766, 769 (2011).

## LAW/ANALYSIS

Johnson argues the court of appeals erred in reversing the circuit court's grant of summary judgment because it misapprehended the proper standard of care. Specifically, Johnson argues the court of appeals erred in holding the requisite inquiry is whether an attorney reasonably relied on another attorney's work where that work is outsourced. Johnson contends that an attorney should be liable for negligence arising from tasks he chose to delegate unless he has expressly limited the scope of his representation. We agree.

In a claim for legal malpractice, the plaintiff must prove: (1) the existence of an attorney-client relationship; (2) a breach of duty by the attorney; (3) damage to the client; and (4) proximate cause of the client's damages by the breach. *Harris Teeter, Inc. v. Moore & Van Allen, PLLC*, 390 S.C. 275, 282, 701 S.E.2d 742, 745 (2010). An attorney is required to render services with the degree of skill, care, knowledge, and judgment usually possessed and exercised by members of the profession. *Holy Loch Distribs., Inc. v. Hitchcock*, 340 S.C. 20, 26, 531 S.E.2d 282, 285 (2000).

In determining the scope of Alexander's duty, we accept his consistent characterization of this responsibility—ensuring Johnson received good title. In her complaint, Johnson alleged "[d]efendants had professional duties to ensure that Plaintiff was receiving good and clear title to the subject property free of any encumbrances, liens, or clouds on title before conducting the closing and if there was a problem after the closing, to correct said deficiencies and/or advise Plaintiff how to correct said deficiencies." In Alexander's answer he *admitted* those allegations. Parties are generally bound by their pleadings and are precluded from advancing arguments or submitting evidence contrary to those assertions. *Elrod v. All*, 243 S.C. 425, 436, 134 S.E.2d 410, 416 (1964) ("[T]he general rule[ is] that the parties to an action are judicially concluded and bound by such unless withdrawn, altered or stricken by amendment or otherwise. The allegations, statements or admissions contained in a pleading are conclusive as against the pleader. It follows that a party cannot subsequently take a position contradictory of, or inconsistent with, his pleadings and the facts which are admitted by the pleadings are to be taken as true against the pleader for the purpose of the action. Evidence contradicting such pleadings is inadmissible."). Additionally, during Alexander's deposition, he plainly conceded he owed a duty to Johnson to have clear title:

Q. Alright. And you were hired, or you were her attorney for this closing? Right?

A. Correct.

Q. And you had responsibility to make sure that she got good and marketable title? Correct?

A. Correct.

Q. And that's one of the responsibilities of a lawyer handling the closing, representing the purchaser? Right?

A. Correct.

lexander cannot now assert his duty was anything other than what he has admitted—that he ensure good and clear title.

However, even absent Alexander's admissions, we find the court of appeals erroneously equated delegation of a task with delegation of liability. Certainly,

Feeley's negligence is the issue here, but that does not displace Alexander's ultimate responsibility. While an attorney may delegate certain tasks to other attorneys or staff, it does not follow that the attorney's professional decision to do so can change his liability to his client absent that client's clear, counseled consent. *See* Rule 1.8(h), RPC, RULE 407, SCACR ("A lawyer shall not. . . make an agreement prospectively limiting the lawyer's liability to a client for malpractice unless the client is independently represented in making the agreement."). Thus, Alexander owed Johnson a duty and absent her agreement otherwise, he was liable for that responsibility regardless of how he chose to have it carried out.[1]

We therefore agree with Johnson that an attorney is liable for negligence in tasks he delegates absent some express limitation of his representation. Stated another way, without an express limitation in representation, attorneys cannot delegate liability for tasks that are undertaken in carrying out the duty owed the client. *See* 7A C.J.S. Attorney & Client § 289 ("Since an attorney has, in general, no authority to employ another attorney to attend to the matters in which the first attorney has been retained, it follows that, if the first attorney does entrust to another the performance or prosecution of matters entrusted to him or her, the first attorney becomes liable to the client for any negligence or wrongdoing on the part of the other attorney."). A holding to the contrary would effectively allow an attorney to independently limit the scope of his representation through the manner in which he performs his duties instead of being bound by what the client understands his responsibilities to be.

---

[1] Alexander separately alleges that because Johnson knew he did not personally perform the title examination, its accuracy was not within the scope of his representation of her. We find this contention unpersuasive. Pursuant to Rule 1.2(c), of the Rules of Professional Conduct, Rule 407, SCACR, "A lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent." In determining whether an attorney obtained informed consent, comment 6 to Rule 1.0 of the Rules of Professional Conduct, Rule 407, SCACR, clarifes that "A lawyer need not inform a client or other person of facts or implications already known to the client or other person; nevertheless, a lawyer who does not personally inform the client or other person assumes the risk that the client or other person is inadequately informed and the consent is invalid." Even assuming Johnson knew Alexander purchased the title work from another attorney, this does not alleviate Alexander's responsibility to ensure good title. It would only indicate she is aware he has delegated a task.

Applying this standard to the facts, we find the grant of summary judgment was proper because there is no genuine issue of material fact as to liability. The circuit court relied on Scarborough's affidavit in concluding Johnson "proved to the Court what the public records reflected at the time of closing—taxes for the Property were delinquent for the tax years 2003 and 2004 and the Property had been sold on October 5, 2005 at a tax sale." Although Alexander submitted an affidavit by Feeley stating he would have discovered the information if it was public, we agree with the circuit court's ultimate conclusion that there was no issue of fact. Feeley admitted he did not remember the specifics of that transaction and provided no documentation supporting his assertion that he performed a ten year search and found no notice of the sale.

Furthermore, we find the circuit court properly held there was no genuine issue of material fact as to proximate cause. Because of Alexander's failure to discover the tax sale, Johnson did not receive marketable title—or any title—to the property she purchased. She was therefore unable to sell or rent the property. Alexander's arguments that the property foreclosure was due to Johnson's own negligence in failing to pay the mortgage will certainly be considered during the hearing on damages; however, that allegation does not alter the fact that Johnson's purchase of the property that had already been sold was a direct result of his failure to ensure she received good title.

## CONCLUSION

Based on the foregoing, we reverse the opinion of the court of appeals and hold an attorney is liable for negligence in tasks he chooses to delegate absent an express limitation of his representation. Finding Alexander breached his duty and damages resulted, we reinstate the grant of partial summary judgment as to Alexander's liability and remand for a determination of damages.

**TOAL, C.J., PLEICONES, KITTREDGE, JJ., and Acting Justice James E. Moore, concur.**