744 S.E.2d 580

Roosevelt SIMMONS, Appellant,

v.

BERKELEY ELECTRIC COOPERATIVE INC., and
St. John's Water Company, Inc., Respondents.

Appellate Case No. 2011–192409.

No. 5099.

Court of Appeals of South Carolina.

Heard Jan. 8, 2013.
Decided March 20, 2013.
Rehearing Denied June 6, 2013.

174

Edward A. Bertele, of Charleston, for Appellant.

John B. Williams, of Williams & Hulst, LLC, of Moncks Corner, for Respondent Berkeley Electric Cooperative, Inc., and Jeffrey C. Moore, of Legare Hare & Smith, of Charleston, for Respondent St. Johns Water Company, Inc.

KONDUROS, J.

Roosevelt Simmons appeals the master-in-equity's grant of summary judgment in favor of Berkeley Electric Cooperative, Inc. (Berkeley Electric) and St. John's Water Company, Inc. (St. Johns Water) in this action regarding utility easements over his property. We affirm in part, reverse in part, and remand.

## FACTS/PROCEDURAL HISTORY

In 2003, Simmons acquired title to two parcels of land in Charleston County, TMS # 283-00-00-498 [1] and TMS # 282-00-00-135. The two parcels are separated by Kitford Road. In 1956, Simmons's predecessor in interest, Edward Heyward, granted a seventy-five-feet-wide easement to Berkeley Electric for the "construction and maintenance of an electric transmission line or lines, towers, poles, anchors and necessary fixtures and wires attached thereto...." The easement runs north to south over the northeast corner of –498. In 1972, a subsequent owner of the property, Edward Brown, granted Berkeley Electric a second easement "to place, construct, operate, repair, maintain, relocate, and replace thereon in or upon all streets, roads, or highways abutting said lands and electric transmission or distribution line or system ..." This easement gave permission to again cross –498. According to Simmons, power lines cross –135 twice and –498 twice and unreasonably affect his ability to sell or use his property.

St. John's Water installed a water main along Kitford Road between 1977 and 1978 to service customers in that area. The water main was placed there after the water company sought and was granted an encroachment permit from Charleston County. A portion of the water main runs under –498. Simmons stated that in 2003 he was walking on –135 when he discovered water meters. This prompted him to contact St. John's Water, which indicated the water main had been in its

---

1. Simmons lost title to tract –498 in 2010, a matter that is being litigated. St. John's Water mentions this issue in its brief in a conclusory manner. We decline to address it as a possible additional sustaining ground. *See Savannah Bank, N.A. v. Stalliard*, 400 S.C. 246, 252 n. 3, 734 S.E.2d 161, 164 n. 3 (2012) (deeming conclusory and unsupported claims abandoned); *I'On, L.L.C. v. Town of Mount Pleasant*, 338 S.C. 406, 420, 526 S.E.2d 716, 723 (2000) ("It is within the appellate court's discretion whether to address any additional sustaining grounds.").

current location for more than twenty years and customers living around Simmons's property who received water service had granted easements for lines to tap into the water main. Simmons indicated he was not aware of the location of the water main or the existence of any water lines on his property because the lines are underground, and the meters were covered by brush and unflagged. He further indicated his home uses well water.

Simmons filed a complaint alleging trespass and unjust enrichment and seeking a declaratory judgment that neither utility had any property rights with respect to his land. Berkeley Electric and St. John's Water filed motions for summary judgment, each arguing it had an easement over Simmons's property, thereby defeating his claims. The matter was referred to the master-in-equity for a determination of the existence of any easements but reserving the issue of damages for the circuit court should Simmons prevail.

After considering the motions and arguments, the master concluded Berkeley Electric had been granted an express easement and Simmons produced no evidence it had exceeded the scope of that easement. The master further concluded that even if Berkeley Electric had somehow exceeded the scope of the easement, the current situation had existed openly for more than twenty years, entitling Berkeley Electric to a prescriptive easement to maintain the lines and poles in their present location. Consequently, the master dismissed Simmons's claims against Berkeley Electric.

With respect to St. Johns Water, the master concluded it had an express easement to establish the water line under Simmons's property. He further found that even if it did not have an express easement, St. John's Water had acquired a prescriptive easement via the continuous use of the water main for more than twenty years and because the existence of the water main was obvious to any surrounding landowner demonstrating a minimal amount of diligence. Accordingly, the master dismissed Simmons's claims against St. John's Water. This appeal followed.

## STANDARD OF REVIEW

A trial court may grant a party's motion for summary judgment "if the pleadings, depositions, answers to interroga-

tories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP. "An appellate court applies the same standard used by the trial court under Rule 56(c) when reviewing the grant of a motion for summary judgment." *Epstein v. Coastal Timber Co.*, 393 S.C. 276, 281, 711 S.E.2d 912, 915 (2011). "In determining whether any triable issues of fact exist, the court must view the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the non-moving party." *David v. McLeod Reg'l Med. Ctr.*, 367 S.C. 242, 247, 626 S.E.2d 1, 3 (2006). "[I]n cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence in order to withstand a motion for summary judgment." *Hancock v. Mid–South Mgmt. Co.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009). Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law. *Lanham v. Blue Cross & Blue Shield of S.C.*, 349 S.C. 356, 362, 563 S.E.2d 331, 333 (2002).

## LAW/ANALYSIS

### I. Berkeley Electric

### A. Consideration of Express Easement

██ Simmons contends the master erred in granting summary judgment to Berkeley Electric on an express easement theory because the argument was not part of its summary judgment motion and contrary to the order of reference. We disagree.

The record illustrates the matter of whether Berkeley Electric held an express easement was argued at the summary judgment hearing without objection. Issues not raised by the pleadings but tried by the consent of the parties are treated as if they had been raised in the pleadings. *See* Rule 15(b), SCRCP. Therefore, we conclude this issue is without merit.

Additionally, the order of reference to the master specifically indicated that the issue of "both prescriptive and/or express" easements would be considered by the master. Therefore, we find this contention to be meritless as well.

## B. Consideration of Scope of Express Easement

■ Simmons argues the master erred in granting summary judgment to Berkeley Electric finding it did not exceed the scope of its express easements because that issue was not part of its summary judgment motion, the issue was contrary to the order of reference, and the decision was not based upon evidence in the record. We disagree.

The scope of the express easement held by Berkeley Electric was argued and considered at the summary judgment hearing without objection. Consequently, the matter was treated by the master if it had been raised in the pleadings. *See* Rule 15(b), SCRCP ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."). Furthermore, the order of reference was broadly worded to cover issues relating not only to the existence of an easement, but its scope as well. The fact that the only issue reserved for the circuit court was damages also demonstrates that all issues related to the existence and use of any easement were before the master.

## C. Scope of Express Easement

■ Simmons next maintains the master erred in granting summary judgment to Berkeley Electric finding it did not exceed the scope of its express easements because issues of fact regarding the scope of the easements were disputed. We disagree.

■ "The language of an easement determines its extent." *Plott v. Justin Enters.*, 374 S.C. 504, 513, 649 S.E.2d 92, 96 (Ct.App.2007) (quoting *Binkley v. Rabon Creek Watershed Conservation Dist.*, 348 S.C. 58, 67, 558 S.E.2d 902, 906–07 (Ct.App.2001)). " 'The general rule is that the character of an express easement is determined by the nature of the right and the intention of the parties creating it.' " *Id.* at 514, 649 S.E.2d at 96 (quoting *Smith v. Comm'rs of Pub. Works of Charleston*, 312 S.C. 460, 467, 441 S.E.2d 331, 336 (Ct.App. 1994)). "The intention of the parties must be determined by a fair interpretation of the grant or reserve creating the easement." *Springob v. Farrar*, 334 S.C. 585, 595, 514 S.E.2d 135, 141 (Ct.App.1999) (Anderson, J. dissenting). "It is not essen-

tial to the validity of a grant of an easement that it be described by metes and bounds or by figures giving definite dimensions of the easement." *Binkley,* 348 S.C. at 72, 558 S.E.2d at 909 (quoting 28A C.J.S. *Easements* § 54, at 233 (1996)). The express easements to Berkeley Electric were broad. However, the original parties to the easements could have used more specificity if they intended the use to be more restricted. The evidence presented established the electric lines had been in their current configuration for an extended period of time. This demonstrates the easement holder and the landowners' understanding that such configuration did not exceed the intended scope of the easements. Additionally, the affidavit of Robert Bradley, a right-of-way agent for Berkeley Electric, indicated the power lines did not exceed the scope of the easement. Therefore, we conclude the master did not err in finding Berkeley Electric had not exceeded the scope of the easements.

## D.  Affidavit of Robert Bradley

█ Simmons contends the master further erred in granting summary judgment to Berkeley Electric that it did not exceed the scope of its express easements because it relied on an affidavit that was not properly before the court. We disagree.

"As a general rule, the admission of evidence is a matter addressed to the sound discretion of the trial court." *Seabrook Island Prop. Owners' Ass'n v. Berger,* 365 S.C. 234, 241, 616 S.E.2d 431, 435 (Ct.App.2005). "The trial judge's decision will not be reversed on appeal unless it appears he clearly abused his discretion and the objecting party was prejudiced by the decision." *Id.* at 242, 616 S.E.2d at 435.

At the summary judgment hearing, Berkeley Electric presented the affidavit of Robert Bradley who stated the pole and power lines on Simmons's property did not go outside the seventy-five-foot easement. Simmons objected to the introduction of this affidavit arguing it was improper because it was "new matter." The thrust of Simmons's argument on appeal is that moving parties cannot serve reply affidavits at the summary judgment stage and that Bradley's affidavit con-

tained information Berkeley Electric could have submitted with its initial summary judgment motion.

Rule 6(d) of the South Carolina Rules of Civil Procedure addresses the time for reply affidavits to be filed. "The moving party may serve reply affidavits at any time before the hearing commences." Rule 6(d), SCRCP. Bradley's affidavit was served at the Monday summary judgment hearing after Simmons's opposing affidavits were faxed to Berkeley Electric the preceding Friday afternoon. Under the circumstances, the master's consideration of Bradley's affidavit was not an abuse of discretion. Furthermore, the affidavit is not mentioned in the master's order so no clear evidence was presented that the master relied on the affidavit. Additionally, in Simmons's complaint, he did not allege Berkeley Electric exceeded the scope of the express easement it had been granted. His allegation was that the easement was unauthorized. The issue of whether power lines encroached outside the easement was not specifically asserted until Simmons's memorandum in opposition to Berkeley Electric's summary judgment motion was filed. Therefore, Bradley's affidavit in reply, expressing an opinion as to the scope of the easement, was responsive. Based on all of the foregoing, we conclude the master did not err in considering Bradley's affidavit.

## E. Proof of Prescriptive Easement[2]

■ Next, Simmons argues the master erred in granting summary judgment to Berkeley Electric on a prescriptive easement because issues of fact were disputed, he improperly weighed the evidence instead of finding there were disputes of material fact, and clear and convincing evidence was lacking. We disagree.

■ "An easement is a right given to a person to use the land of another for a specific purpose. An easement may arise in three ways: (1) by grant; (2) from necessity; and (3) by prescription." *Kelley v. Snyder*, 396 S.C. 564, 572, 722 S.E.2d 813, 817 (Ct.App.2012). "A prescriptive easement is not implied by law but is established by the conduct of the dominant tenement owner." *Boyd v. BellSouth Tel. Tel. Co.*, 369 S.C. 410, 419, 633 S.E.2d 136, 141 (2006). "To establish a

---

2. This analysis combines Simmons's issues 5, 6, and 7 on appeal.

prescriptive easement the party asserting the right must show: (1) continued and uninterrupted use of the right for twenty years; (2) the identity of the thing enjoyed; and (3) use which is either adverse or under a claim of right." *Kelley,* 396 S.C. at 572, 722 S.E.2d at 817 (citing *Horry Cnty. v. Laychur,* 315 S.C. 364, 367, 434 S.E.2d 259, 261 (1993)). "To establish an easement by prescription, one need only establish either a justifiable claim of right *or* adverse and hostile use." *Id.* (quoting *Jones v. Daley,* 363 S.C. 310, 316, 609 S.E.2d 597, 600 (Ct.App.2005)). "The party claiming a prescriptive easement bears the burden of proving all of the elements." *Id.*

Berkeley Electric presented affidavits of two long-time Berkeley Electric employees stating the power lines had been in place in the current configuration for a period of more than twenty years. In rebuttal, Simmons presented a 1981 plat, which did not show all of the power lines currently existing on his property. However, this plat was not for purposes of identifying the location of power lines or features on Simmons's property. The plat related to a neighboring owner deeding a fifty-foot right-of-way to the public and the subdivision of the property. Simmons also submitted a 1983 plat performed for Berkeley Electric that does not show all of the current power lines. However, again, this plat was not of Simmons's property and does not purport to establish the location of all power lines. After reviewing the record, we agree with the master's conclusion that these plats did not provide contradictory evidence to the Berkeley Electric employee affidavits. Additionally, Simmons did not state in his affidavit the lines were not there during that period based on his own personal knowledge. We conclude Simmons's evidence does not raise the required scintilla of evidence to create a genuine issue of fact on this point. Additionally, the lines and poles were open and obvious and were made under a claim of right via the easements granted by previous owners. Therefore, we affirm the master's finding a prescriptive easement in Berkeley Electric's favor.

## II. St. John's Water

### A. Consideration of and Ruling on Express Easement

██ Simmons maintains the master erred by granting summary judgment to St. John's Water on an express ease-

ment because evidence was lacking and it was not requested by St. John's Water in its motion. We agree in part and disagree in part. This issue was argued by the consent of the parties at the summary judgment hearing. *See* Rule 15(b), SCRCP (issues not raised by the pleadings but tried by consent of the parties shall be treated as if they had been raised in the pleadings). However, Simmons's argument that the master erred in concluding at the summary judgment stage that St. John's Water had an easement across –498 for water lines is persuasive. The only party who could give an express easement to St. John's Water to cross –498 or –135 would be the landowner. St. John's Water presented no evidence and did not argue this was done. Therefore, we conclude the master erred in finding St. John's Water held an express easement to install the water main or water lines on Simmons's property.

## B. Prescriptive Easement[3],[4]

Finally, Simmons argues the master erred in granting summary judgment to St. John's Water on the basis of a prescriptive easement and dismissing his claims. We agree in part and disagree in part.

A trial court may grant a party's motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP. "An appellate court applies the same standard used by the trial court under Rule 56(c) when reviewing the grant of a motion for summary judgment." *Epstein v. Coastal Timber Co.*, 393 S.C. 276, 281, 711 S.E.2d 912, 915 (2011). "In determining whether any

---

3. Simmons's issue 11 appears to arise from the order prepared by counsel for St. John's Water. It alludes to customer affidavits, but the record does not establish that any customer affidavits were presented at the summary judgment hearing. We do not rely on customer affidavits in reaching our decision in this case, and this apparent error in the written order does not prejudice Simmons. *See McCall v. Finley*, 294 S.C. 1, 4, 362 S.E.2d 26, 28 (Ct.App.1987) ("[W]hatever doesn't make any difference, doesn't matter.").

4. This analysis combines Simmons's issues 9, 10, and 12 on appeal.

184

triable issues of fact exist, the court must view the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the non-moving party." *David v. McLeod Reg'l Med. Ctr.*, 367 S.C. 242, 247, 626 S.E.2d 1, 3 (2006). "Under Rule 56(c), the party seeking summary judgment has the initial burden of demonstrating the absence of a genuine issue of material fact." *Lanham v. Blue Cross & Blue Shield of S.C.*, 349 S.C. 356, 361, 563 S.E.2d 331, 333 (2002). "Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law." *Id.* at 362, 563 S.E.2d at 333.

With respect to the first requirement for a prescriptive easement, St. John's Water presented undisputed evidence a water main was placed along Kitford Road between 1977 and 1978 to service residents in the area. The affidavit of Hugh S. Miley, Jr., an engineer involved in the design, permitting, and installation of the water main, indicates the water main has remained in that location since that time, and a map illustrating the planned installation of pipe shows the water main running under –498. Consequently, St. John's Water established the water main had been in place under –498 and continuously used by the company for the required twenty-year period. Furthermore, St. John's Water established the water main was installed under a claim of right. Miley's affidavit demonstrates his belief that the encroachment permits obtained from Charleston County covered the installation of the water main as illustrated on the map. The fact the claim may have been based on a mistake does not negate the claim of right required to establish a prescriptive easement. *See Loftis v. S.C. Elec. & Gas Co.*, 361 S.C. 434, 440, 604 S.E.2d 714, 717 (Ct.App.2004) (finding a utility's mistaken belief it had a valid right of way to use property could constitute a "claim of right" sufficient to establish a prescriptive easement).

However, the record is unclear as to whether additional water lines allowing neighboring residents to tap into the water main are on Simmons's property and if so, how long they have been in place. Simmons asserted water lines of

some type run under –135 because he located a water main there and the blue flags placed by St. John's Water after his complaint were on both –498 and –135. In its brief, St. John's Water contends no lines are located on –135 and argues this is established by a survey performed by the water company in 2008. This survey shows the location of the water main. However, the survey does not show parcel –135, nor is it clear that it addresses whether lines supplying neighboring parties cross –498. Therefore, based on Simmons's assertion that additional water lines are on –498 and –135 and a paucity of evidence as to whether that is true, a genuine issue of fact existed as to what water lines, besides the water main, are on his property and how long they may have been there. Consequently, we affirm the partial grant of summary judgment to St. John's Water that it established a prescriptive easement on Simmons's property for the water main installed between 1977 and 1978. However, any remaining claims Simmons has that St. John's Water has further trespassed on his property with additional water lines should not have been dismissed at the summary judgment stage.

## CONCLUSION

We affirm the master's grant of summary judgment in favor of Berkeley Electric on the basis that it was granted an express easement over Simmons's property and that it had established a prescriptive easement for the power lines in their current configuration. We reverse the master's finding that St. John's Water had an express easement to cross Simmons's property, and affirm his determination that St. John's Water established a prescriptive easement, but only as to the water main. Consequently the master's ruling is

**AFFIRMED IN PART, REVERSED IN PART, and RE-MANDED.**

SHORT and LOCKEMY, JJ., concur.