**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Sheetal, LLC of Beaufort, Appellant,

v.

Beaufort Jasper Water and Sewer Authority, Respondent.

Appellate Case No. 2013-002438

———————

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-224
Submitted January 1, 2015 – Filed May 6, 2015

———————

**AFFIRMED**

———————

Karl D. Twenge, of Twenge & Twombley, LLC, of Beaufort, for Appellant.

C. Scott Graber, of Graber Law Firm, of Beaufort, for Respondent.

———————

**PER CURIAM:**  Sheetal, LLC of Beaufort (Sheetal) appeals the circuit court's order granting summary judgment to Beaufort Jasper Water and Sewer Authority (Beaufort Sewer) on Sheetal's trespass cause of action, arguing the circuit court erred in finding Beaufort Sewer had a prescriptive easement over a sewer line

located on Sheetal's property when (1) the line was installed with the original owner's permission and (2) Beaufort Sewer had no knowledge of the line's location until Sheetal discovered it. We affirm.

"A trial court may grant a party's motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Simmons v. Berkeley Elec. Coop. Inc.*, 404 S.C. 172, 177-78, 744 S.E.2d 580, 583-84 (Ct. App. 2013) (internal quotation marks omitted). "An appellate court applies the same standard used by the trial court under Rule 56(c)[, SCRCP,] when reviewing the grant of a motion for summary judgment." *Id.* at 178, 744 S.E.2d at 584 (quotation marks omitted). "In determining whether any triable issues of fact exist, the court must view the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the non-moving party." *Id.* (quotation marks omitted). "[I]n cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence in order to withstand a motion for summary judgment." *Id.* (quotation marks omitted). "Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law." *Id.*

As to Issue 1, we find this issue is unpreserved for appellate review. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review."); *see also Logan v. Cherokee Landscaping & Grading Co.*, 389 S.C. 611, 623, 698 S.E.2d 879, 886 (Ct. App. 2010) (stating a party may not argue one set of grounds below and alternate grounds on appeal).

As to Issue 2, the evidence shows there is no dispute that the sewer line crossing Sheetal's parcel of land is the same one that was installed in 1986 and sold to Beaufort Sewer in 1999. We find this evidence is sufficient to prove "the identity of the thing enjoyed," despite Sheetal's argument that Beaufort Sewer was unaware of the line's true location. *See Simmons*, 404 S.C. at 181-82, 744 S.E.2d at 586 ("To establish a prescriptive easement the party asserting the right must show: (1) continued and uninterrupted use of the right for twenty years; (2) *the identity of the thing enjoyed*; and (3) use which is either adverse or under a claim of right." (emphasis added and quotation marks omitted)); *see also Matthews v. Dennis*, 365 S.C. 245, 249-50, 616 S.E.2d 437, 439-40 (Ct. App. 2005) (establishing the identity of a disputed lane when it was marked by a county road sign and was

included in the 911 emergency system); *Hartley v. John Wesley United Methodist Church of Johns Island*, 355 S.C. 145, 150, 584 S.E.2d 386, 388 (Ct. App. 2003) (finding the identity element and the continued and uninterrupted use element were satisfied when it was "uncontested that the residents and/or their predecessors in title have enjoyed continued and uninterrupted use of the clearly marked and well-known [road] in excess of twenty years").

**AFFIRMED.**[1]

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.