**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Matthew H. Willimon, Jr. and Elizabeth Willimon, Appellants,

v.

Jake Gilstrap, Thomas R. Gilstrap, Sr., John Gilstrap, Yvonne G. Smith, Jason A. Smith, and Patricia Gilstrap, Respondents.

Appellate Case No. 2014-001233

———————————

Appeal From Pickens County
Charles B. Simmons, Jr., Special Referee

———————————

Unpublished Opinion No. 2016-UP-020
Heard December 9, 2015 – Filed January 20, 2016

———————————

**AFFIRMED**

———————————

James C. Alexander, of Alexander Law Firm, LLC, of Pickens, for Appellants.

James McKinley Robinson, of Robinson Law Firm, of Easley, for Respondents.

———————————

**PER CURIAM:** Matthew and Elizabeth Willimon (Appellants) appeal an order by the special referee that held Respondents have a right to use a roadway upon which Appellants had been deeded an easement by Respondents' predecessor-in-interest Addie Gilstrap. We affirm.

1. We disagree with Appellants' argument that the special referee erred in failing to grant Appellants exclusive use of the easement. *See Simmons v. Berkeley Elec. Co-op. Inc.*, 404 S.C. 172, 179, 744 S.E.2d 580, 584 (Ct. App. 2013) ("The general rule is that the character of an express easement is determined by the nature of the right and the intention of the parties creating it."); *Hill v. Carolina Power & Light Co.*, 204 S.C. 83, 96, 28 S.E.2d 545, 549 (1943) (holding the rights of the easement owner and the landowner are not absolute but are limited for each to have reasonable enjoyment); *Hundley v. Michael*, 413 S.E.2d 296, 298 (N.C. Ct. App. 1992) (stating the term exclusive cannot be interpreted so as to exclude the owner of the servient property from using it consistent with the purpose of the easement). Although the term exclusive was used in the easement agreement, the record demonstrates both Appellants and Respondents used the easement road, Mustang Drive, during the years after the agreement was filed.

2. We disagree with Appellants' argument the special referee erred in considering extrinsic evidence outside the easement agreement. *See Martin v. Bay*, 400 S.C. 140, 149, 732 S.E.2d 667, 673 (Ct. App. 2012) ("If the language in the grant or reservation is uncertain or ambiguous in any respect, the court may inquire into and consider all surrounding circumstances, including the construction which the parties have placed on the language."). In ascertaining the meaning of the term exclusive, we find the special referee properly determined that all the facts surrounding the years of usage of Mustang Drive should be considered.

3. As we find the special referee did not err in holding Respondents have a right to use Mustang Drive, we need not address Appellants' arguments concerning damages for trespass and attorney's fees. *See Futch v. McAllister Towing of Georgetown, Inc*., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues on appeal when its determination of a prior issue is dispositive).

**AFFIRMED.**

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**