2081

Don Paul HILL, Appellant v. YORK COUNTY
SHERIFF'S DEPARTMENT, Respondent.

(437 S.E. (2d) 179)

Court of Appeals

304

*J. Christopher Mills* and *W. Gaston Fairey*, both of *Fairey, Parise & Mills*, Columbia, and *Karen Zaman*, of *Karen Zaman & Associates*, Charlotte, NC, *for appellant.*

*Joseph C. Coleman*, Columbia, *for respondent.*

Heard Sept. 7, 1993.

Decided Oct. 11, 1993. Reh. Den Dec. 6, 1993.

SHAW, Judge:

Appellant, Don Paul Hill, brought this action in negligence against respondent, York County Sheriff's Department. From an order granting the Sheriff's Department summary judgment, Hill appeals. We reverse and remand.

Hill raises two issues on appeal. He first contends the trial judge erred in granting the Sheriff's Department summary judgment based on the absence of proximate cause where the issue had previously been disposed of in an order by another circuit judge denying summary judgment. We disagree. While the circuit court initially denied summary judgment to the Sheriff's Department, the issue of proximate cause was never addressed in that order. The trial judge in the second summary judgment hearing had additional facts presented to him and decided the motion based on the proximate cause issue, while the trial judge in the initial summary judgment motion decided the issue based on the duty of the Sheriff's Department. Accordingly, we find no error.

Hill further contends the trial judge erred in granting the Sheriff's Department summary judgment finding no proximate cause between the actions of the Sheriff's Department and Hill's injury. We agree.

It is well settled that in order to obtain summary judgment, the moving party must show that no genuine issue exists as to any material fact and that the moving party is entitled to summary judgment as a matter of law. Rule 56(c), SCRCP. In determining whether any triable issues of act exist, all inferences from the facts in the record must be viewed in a light most favorable to the party opposing the summary judgment motion. *Hamilton v. Miller*, 301 S.C. 45, 389 S.E. (2d) 652 (1990). Additionally, even where there is no dispute as to the evidentiary facts, but only as to the conclusions or inferences to be drawn from them, summary judgment should not be granted. *Id.*

Viewing the evidence in a light most favorable to Hill, the record reveals as follows. On September 10, 1988, Hill was arrested by deputies from the York County Sheriff's Department shortly after 10:00 p.m. while drinking alcohol in a jacuzzi at the Comfort Inn in Fort Mill, South Carolina. Hill, who was twenty years old at the time, was transported to the

Sheriff's Department and charged with public disorderly conduct. At approximately 11:30 p.m., he and a companion were booked into the jail. Hill asserts he did not remember seeing a magistrate, but the Sheriff told him he and his companion would have to pay $68.00 each to get out of jail. A deputy drove Hill to the Comfort Inn to retrieve his bank card, took him to an automatic teller machine and then took him back to the jail. Hill's receipt indicated he withdrew $135.00 from the machine at approximately 1:30 a.m. on September 11, 1988. Hill and his companion were released around 2:00 a.m. after paying their bonds. At the time of release, Hill and his companion, who were from out of town, had no means of transportation back to the hotel and requested assistance from an officer who told them to "just get the hell out of here." Another officer refused to transport Hill and his companion upon their request, telling them to "walk outside, go right, and keep on going straight." The Comfort Inn was located over thirteen miles from the jail. At the time of his release, Hill was wearing only a pair of shorts, with no shoes or shirt, had only four dollars in cash and was extremely intoxicated. He was released into a high-crime area and, within a short distance from the jail, was shot in the abdomen.

Hospital records indicate Hill's blood alcohol level was .174 at approximately 3:00 a.m. A letter from a medical doctor contained in the record indicates this would translate into a level of .186 for Hill at 2:00 a.m., the approximate time of release. Former Sheriff Elbert Pope testified by way of deposition that it was an unwritten policy to keep an intoxicated prisoner for four hours minimum from the time of booking, even if he had paid the set bond prior to the running of the four hours. He further stated it would be improper to release someone intoxicated and the purpose for arresting someone for public drunkenness is to protect that person.

Police officer Cynthia Terry was assigned to investigate the shooting of Hill. By way of affidavit, she stated her investigation revealed that Hill's assailant may have shot Hill because "they were running their mouths." She further stated the area in which Hill was shot was notorious as a very-high-crime area and, in her opinion as a police officer acquainted with the area, "it was extremely dangerous for an intoxicated person to wander in the area after dark, even more so in the

early hours following a Saturday night, the time of highest crime incidence."

Following the second summary judgment motion, the circuit court found the facts were insufficient to establish the element of proximate cause, essential to an action for negligence. The trial judge found the case of *Russell v. City of Columbia*, 305 S.C 86, 406 S.E. (2d) 338 (1991) was distinguishable from the facts of this case and held there was no reasonable inference that Hill's injury resulted from any negligent acts by the Sheriff's Department. We disagree.

In *Russell*, supra, our Supreme Court reversed the decision of this court in *Russell v. City of Columbia*, 301 S.C. 117, 390 S.E. (2d) 463 (Ct. App. 1989). The Supreme Court found the complaint alleged facts sufficient to state a cause of action and the circuit court therefore improperly granted a motion for judgment on the pleadings. The *Russell* facts are somewhat similar to the facts at hand inasmuch as they both involve the intervention of law enforcement officers with intoxicated persons. In *Russell*, the decedent, Wood, became intoxicated at a restaurant and was asked to leave the premises. While in the parking lot, he engaged in an altercation and received a serious wound. The police arrived on the scene finding Wood seriously injured and highly intoxicated. The complaint alleged the officers took control of the situation away from individuals trying to render aid. Although they determined some disorderly conduct had occurred, neither Wood nor the other parties wished to file charges. The officers insisted that Wood leave the premises and Wood walked alone unassisted in the general direction of a nearby railroad trestle. Wood's body was later found in a creek beneath the trestle from which he had fallen, approximately 100 feet from the scene of the investigation.

In affirming the circuit court's granting of the defendant's judgment on the pleadings, this court noted, in order to recover for negligence, a plaintiff must show (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach. We held that Russell failed to plead sufficient facts to establish the existence of a duty owed to Wood. We further held, even if the officers had such a duty, the facts alleged failed to show a causal link between the

alleged acts of the officers and Wood's subsequent drowning in the creek. Thus, we found the complaint was fatally defective as to the necessary element of proximate cause.

The Supreme Court reversed this court's opinion in *Russell* holding, under common law, where there is no duty to act but an act is voluntarily undertaken, the actor assumes the duty to use due care. The Supreme Court did not address the issue of proximate cause, inferentially reversing this court on that issue also.

Proximate cause is ordinarily a question of fact for the jury. *Davenport v. Walker*, 280 S.C. 588, 313 S.E. (2d) 354 (Ct. App. 1984). At the summary judgement stage of the proceedings, it is only necessary for the nonmoving party to submit a scintilla of evidence warranting determination by a jury for summary judgement to be denied. *Anders v. South Carolina Farm Bureau Mutual Insurance Co.*, 307 S.C. 371, 415 S.E. (2d) 406 (Ct. App. 1992).

Proximate cause is established by proof of actual and legal causation. Actual causation is proved by establishing the injury would not have occurred "but for" the defendant's negligence while legal causation is proved by establishing foreseeability. *Bramlette v. Charter-Medical-Columbia*, 302 S.C. 68, 393 S.E. (2d) 914 (1990). The plaintiff need not prove the actor should have contemplated the particular event which occurred, and the defendant may held liable for anything which appears to have been a natural and probable consequence of his negligence. *Id.*

Turning to the case at hand, we are unable to discern any significant distinguishing facts from those in the *Russell* case such that make this case any weaker on the issue of proximate cause. There is evidence that Hill's injury would not have occurred but for the alleged negligence of the Sheriff's Department. Further, it was foreseeable that such injury could result from the alleged negligence. While it is true that an individual was the direct cause of Hill's injury, the record includes evidence from which it could be inferred that Hill was shot because of his intoxicated condition, i.e. "they were running their mouths." We see no difference between this inference and the inference that Wood fell off the trestle because he was intoxicated. The intervening negligence of a third person will not excuse the first wrongdoer if

such intervention ought to have been foreseen in the exercise of due care. In such case, the original negligence still remains active, and a contributing cause of the injury. *Locklear v. Southeastern Stages, Inc.*, 193 S.C. 309, 8 S.E. (2d) 321 (1940). Liability exists for the natural and probable consequences of negligent acts and omissions proximately flowing therefrom. *Graham v. Whitaker*, 282 S.C. 393, 321 S.E. (2d) 40 (1984). The test by which the negligent conduct of the original wrongdoer is to be insulated as a matter of law by the independent negligent act of another is whether the intervening act and the injury resulting therefrom are of such character that the author of the primary negligence should have reasonably foreseen and anticipated them in the light of attendant circumstances. *Locklear*, supra. The affidavit of Officer Terry indicates at least one law enforcement officer familiar with the area considered it extremely dangerous for an intoxicated person to be wandering in such a high-crime area, particularly at that time. Thus, there is a reasonable inference that law officers might foresee the injury that occurred to Hill as a result of such actions. We hold a genuine issue of fact exists as to whether any negligence of the Sheriff's Department was the proximate cause of Hill's injury.

Accordingly, the order below granting summary judgment is reversed.

Reversed and remanded.

BELL and CONNOR, JJ., concur.