681 S.E.2d 28

David Anthony MURPHY, Appellant,

v.

Donald Ray TYNDALL, and E–Z Credit
Auto Sales, Inc., Defendants,

of whom E–Z Credit Auto Sales, Inc. is the, Respondent.

No. 4556.

Court of Appeals of South Carolina.

Heard March 3, 2009.

Decided June 4, 2009.

Rehearing Denied Aug. 25, 2009.

H. Lee Herron, of Florence, for Appellant.

D. Michael Freeman, II, and William E. Lawson, both of Myrtle Beach, for Respondent.

KONDUROS, J.

David Anthony Murphy appeals the circuit court's grant of summary judgment in favor of E–Z Credit Auto Sales, Inc. (E–Z Credit). We reverse.

## FACTS

Murphy and Donald Ray Tyndall were in an automobile and motorcycle accident on July 3, 2006. Tyndall was driving a

Mitsubishi Eclipse he had just purchased from E–Z Credit, a used car dealership located a few blocks from the accident scene and owned by Allen Watts.

Tyndall operated a small business called Clear Difference Headlight Restoration, which did headlight restoration for the general public and car dealerships. Tyndall and Watts testified Tyndall had performed headlight restoration services for E–Z Credit on occasions in the past.

Officer Don Juan Lewis testified that at the scene of the accident, Tyndall said: "Well I just left the shop around there, and I was going right here to NAPA to get some parts, and I was going right back to the shop." The record shows Tyndall purchased nuts, washers, and regal blue paint or dye at McKenzies' Parts and Equipment just prior to the accident. The register receipt shows the items were charged to E–Z Credit's account and specifically notes, "*Attention:* Donnie."

Officer Kenneth O'Neal Smith testified he spoke with Tyndall at the scene to ascertain where he would be later that afternoon. Smith stated Tyndall "said he was going back to work. He had just went to NAPA to pick up some parts." Smith indicated he delivered Tyndall's copy of the accident report to him at E–Z Credit later that afternoon. Tyndall also provided E–Z Credit's phone number as well as his cell phone number for the accident report.

A witness at the scene, Lajarvious Javonta' Buie testified he overheard Tyndall say, "I work for Allen Watts. I was just trying to make it to the car lot." Buie clarified Tyndall said he worked at Alan Watts' shop. Buie also testified Tyndall was wearing dirty clothes like he had been working at the time of the accident.

Murphy sued Tyndall and E–Z Credit alleging Tyndall was acting as an agent or employee for E–Z Credit and was acting within the course and scope of that employment or agency at the time of the collision. E–Z Credit filed a motion for summary judgment contending there was no genuine issue of material fact regarding Tyndall's employment status at the time of the accident.

In support of its summary judgment motion, E–Z Credit presented Tyndall's testimony that he had never been em-

ployed by E–Z Credit and he was not doing subcontract work for E–Z Credit the day of the accident. Tyndall further testified he purchased some replacement parts for the Mitsubishi at NAPA and, with Watt's permission as part of their sales transaction, charged the parts to E–Z's account.

E–Z also produced documentation of the sales transaction that was presented to Officer Lewis at the scene approximately thirty-five minutes after the accident occurred.[1] Via affidavit, Watts corroborated Tyndall's testimony regarding Tyndall's dealings with E–Z Credit on the day of the accident, as did two E–Z Credit employees. E–Z Credit also produced invoices and checks regarding E–Z Credit and Tyndall's business relationship in the past.

The circuit court granted summary judgment in E–Z Credit's favor finding "the only reasonable inference to be drawn from the facts in the record is that Tyndall's actions at the time in question were taken for his own independent purposes and not with reference to any service to E–Z." [2] This appeal followed.

## STANDARD OF REVIEW

When reviewing the trial court's grant of summary judgment, the appellate court applies the same standard found in Rule 56(c), SCRCP. *Boyd v. Bellsouth Tel. Tel. Co.*, 369 S.C. 410, 415, 633 S.E.2d 136, 138 (2006). Summary judgment is proper when no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), SCRCP. On summary judgment, the court's task is not to try issues of fact but to determine if genuine issues of material fact exist. *Thomas Sand Co. v. Colonial Pipeline Co.*, 349 S.C. 402, 408, 563 S.E.2d 109, 112 (Ct.App.

---

1. Officer Smith required documentation of the sales transaction at the scene because the vehicle was being operated without a license plate at the time of the accident.

2. The circuit court's order relies heavily upon *Bravis v. Dunbar,* 316 S.C. 263, 449 S.E.2d 495 (Ct.App.1994), finding Murphy failed to produce more than a mere scintilla of evidence regarding Tyndall's employment status. However, the South Carolina Supreme Court abrogated *Bravis* in *Hancock v. Mid–South Management Co.,* 381 S.C. 326, 673 S.E.2d 801 (2009).

54

2002). "The problem besetting courts lies in deciding what is or what is not a 'genuine issue as to any material fact.'" *Spencer v. Miller*, 259 S.C. 453, 456, 192 S.E.2d 863, 864 (1972).

## LAW/ANALYSIS

Murphy contends the circuit court erred in granting summary judgment in favor of E–Z Credit. We agree.

"Because it is a drastic remedy, summary judgment should be cautiously invoked so no person will be improperly deprived of a trial of the disputed factual issues." *Carolina Alliance for Fair Employment v. S.C. Dep't of Labor, Licensing, & Regulation*, 337 S.C. 476, 485, 523 S.E.2d 795, 799 (Ct.App.1999). "Additionally, even where there is no dispute as to the evidentiary facts, but only as to the conclusions or inferences to be drawn from them, summary judgment should not be granted." *Hill v. York County Sheriff's Dep't*, 313 S.C. 303, 305, 437 S.E.2d 179, 180 (Ct.App.1993). In determining whether a triable issue of fact exists, the evidence and reasonable inferences from it must be viewed in the light most favorable to the nonmoving party. *Sauner v. Pub. Serv. Auth. of S.C.*, 354 S.C. 397, 404, 581 S.E.2d 161, 165 (2003). When evidence is susceptible to more than one reasonable inference, the issue should be submitted to the jury. *Vaughan v. Town of Lyman*, 370 S.C. 436, 448, 635 S.E.2d 631, 638 (2006). "At the summary judgment stage of the proceedings, it is only necessary for the nonmoving party to submit a scintilla of evidence warranting determination by a jury for summary judgment to be denied." *Hill*, 313 S.C. at 308, 437 S.E.2d at 182; *see also Hancock v. Mid–South Mgmt. Co.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009) (clarifying and reaffirming in cases applying the preponderance of the evidence burden of proof, the nonmoving party is only required to submit a mere scintilla of evidence to withstand a motion for summary judgment).

In the instant case, we believe Murphy has set forth at least a mere scintilla of evidence that Tyndall was E–Z Credit's employee or agent or was working on behalf of E–Z Credit at the time of the accident. Viewing the evidence in the light most favorable to Murphy, Tyndall stated at the

accident scene he worked for Watts, owner of E–Z Credit. While Tyndall could have meant he performed headlight restoration for E–Z Credit periodically, that is not what he stated. A jury could reasonably draw more than one inference from the statement. Likewise, Tyndall told Officer Smith "he was going back to work." Again, Tyndall may have meant he was returning to work on his newly purchased car, but a jury could reasonably draw an alternative inference from his statement. Furthermore, Tyndall gave E–Z Credit's phone number as a contact number for him, and Murphy testified he had seen Tyndall around E–Z Credit washing cars. Officer Lewis also testified that while on patrol he had seen Tyndall "working [at E–Z Credit] cleaning up cars," although he did not have any direct knowledge of Tyndall's employment status with E–Z Credit.

Additionally, the receipt from NAPA auto parts shows Tyndall bought three items just before the accident: nuts, washers, and blue paint or dye. The record contains no clear testimony that explains how the blue paint would be used in the restoration or repair of Tyndall's silver Mitsubishi.[3] Therefore, a jury could draw the inference Tyndall was purchasing the items for E–Z Credit as part of his employee duties or as part of a special errand on E–Z Credit's behalf. Additionally, two of E–Z Credit's employees testified they were not aware of E–Z Credit ever allowing customers to purchase parts on the business's NAPA account.

With respect to payment, the record shows Tyndall received a 1099 tax form from E–Z Credit in 2006. The record also shows Tyndall received checks made to him personally on a weekly basis for the period from July 7, 2006 through August 4, 2006. Some of the checks contain "subcontractor" in the memo line, but some contain "advances" in the memo line. A jury could interpret the regularity of the checks and the term "advances" to mean there was more than an infrequent inde-

---

3. E–Z Credit's attorney stated at one point Tyndall was going to dye the inside door panel of the Mitsubishi. However, the item is frequently referred to in the record as blue spray paint. Josh Watts, son of Allen Watts and an employee in the E–Z Credit shop, testified he repaired the Mitsubishi after the collision and used silver paint for the exterior. He indicated one would not paint the interior of a car but would dye it.

pendent contractor relationship between Tyndall and E–Z Credit.

Finally, issues of credibility are generally for a jury's determination. *See Anderson v. The Augusta Chronicle,* 355 S.C. 461, 475, 585 S.E.2d 506, 513 (Ct.App.2003) (stating credibility determinations and the drawing of legitimate inferences from the facts are jury functions). In this case, all the testimony corroborating E–Z Credit's position is from E–Z Credit employees, E–Z Credit's owner, or Tyndall himself. Tyndall has admittedly done work for E–Z Credit through his headlight restoration business, and Tyndall is a tenant in a home owned by Watts. Furthermore, Tyndall is receiving Social Security Disability and would benefit by appearing to have less income. With that in mind, a jury could reasonably infer bias on the part of the witnesses and find their testimonies to be less than credible.

## CONCLUSION

When viewing the facts and all reasonable inferences that can be drawn therefrom in the light most favorable to him, we find Murphy presented at least a mere scintilla of evidence Tyndall was working for E–Z Credit at the time of the accident thereby precluding summary judgment. Accordingly the judgment of the circuit court is

**REVERSED.**

HUFF and WILLIAMS, JJ., concur.