**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The Kitchen Planners, LLC, Appellant,

v.

Samuel E. Friedman and Jane Breyer Friedman and
Branch Banking and Trust, Respondents.

Appellate Case No. 2017-001522

———————

Appeal From Richland County
Robert E. Hood, Circuit Court Judge

———————

Opinion No. 5738
Heard December 10, 2019 – Filed July 1, 2020
Withdrawn, Substituted, and Refiled December 2, 2020

———————

**AFFIRMED**

———————

Jean Perrin Derrick, of Jean Perrin Derrick, LLC, of
Lexington, for Appellant.

Charles A. Krawczyk, of Finkel Law Firm, LLC, of
Columbia, for Respondents.

———————

**LOCKEMY, C.J.:** The Kitchen Planners, LLC (Kitchen Planners) appeals the
circuit court's order granting summary judgment in favor of Samuel E. and Jane
Breyer Friedman (collectively, the Friedmans) as to Kitchen Planners' action for a
mechanic's lien and foreclosure. Kitchen Planners argues the circuit court erred by
(1) finding there was no genuine issue of material fact as to its claim for a
mechanic's lien, (2) denying its motion to strike Mr. Friedman's affidavit, and (3)
awarding attorney's fees to the Friedmans. We affirm.

**FACTS**

In 2015, the Friedmans and Kitchen Planners entered into a contract, pursuant to which Kitchen Planners was to provide and install kitchen cabinets in the Friedmans' home in exchange for $49,784.04, plus $2,995 for delivery and installation. The parties agreed the Friedmans would pay the contract price in three installments consisting of one-third at the time of ordering, one-third at the time of shipment, and the final third at the time of delivery. The Friedmans paid two-thirds of the contract price prior to delivery of the cabinets. However, when the cabinets arrived at their home on May 21, 2015, they were dissatisfied with the product and never paid the final one-third of the contract price.

Kitchen Planners filed a mechanic's lien and statement of account on November 12, 2015, pursuant to sections 29-5-10 to -440 of the South Carolina Code (2007 & Supp. 2019) seeking the third installment of $16,594.68. It served the Friedmans on November 17, 2015, and filed its complaint and a lis pendens on January 13, 2015. Kitchen Planners alleged in its complaint that it "furnished materials, supplies, and labor beginning in or around March 16, 2015 and continuing through August 18, 2015." In their answer, the Friedmans asserted several defenses, including failure to properly file a mechanic's lien and violation of section 29-5-100. The Friedmans also asserted counterclaims against Kitchen Planners, including breach of contract, negligent supervision, and negligent misrepresentation. They alleged Kitchen Planners' measurements were incorrect and the cabinets had remained in their garage and were never installed in their home.

Subsequently, on January 19, 2017, the Friedmans filed a motion titled "motion to dismiss mechanic's lien and foreclosure," requesting "dismissal pursuant to [sections] 29-5-10[ and] 29-5-100 and South Carolina Rule[] of Civil Procedure 56(a) [sic]." They sought dismissal of the lien and of Kitchen Planners' causes of action with prejudice, arguing the lien was invalid and "there [wa]s no issue of fact to support" Kitchen Planners' claims.

The Friedmans deposed Patricia Comose, the sole member of Kitchen Planners, on April 7, 2017. Comose testified she held a degree in interior design and a retail license that allowed her to purchase items at wholesale and sell them for retail value. She explained the Friedmans contacted her because they wished to purchase cabinets manufactured by Crystal Cabinets and she was the only dealer for Crystal Cabinets in the Columbia area. Comose stated the Friedmans had incurred water

damage in their kitchen and "wanted the kitchen designed" to enable them to replace the cabinets. She recalled some of the elements of the design were the same as the existing designs. Comose stated she visited the Friedmans' home on January 23, 2015, and they signed a "design retainer agreement" and paid a $500 retainer for the planning of the kitchen. The agreement provided that if the Friedmans decided to purchase the cabinets through Kitchen Planners, the $500 fee would be deducted from the purchase price. She stated they discussed the design several times between January 23 and March 16, 2015, and on March 16, Kitchen Planners and the Friedmans entered an agreement "for the ordering of the cabinets." Comose stated she purchased the cabinets for $28,953.58 and her profit margin was thirty-three percent. She acknowledged that prior to delivery of the cabinets, Kitchen Planners had already realized a profit of $4,175 and made additional profit from other items, such as the sink and the cabinet pulls. Comose explained that rather than charging by the hour, she earned profits by purchasing items at wholesale and selling them at retail and did not charge for her time "basically at all."

Comose confirmed that when the cabinets were delivered to the Friedmans' home on May 20, 2015, they had some concerns with the product. Comose stated that when the installer arrived the next day to install the cabinets, Mr. Friedman told her he wanted the cabinets removed from the home and a refund. She recalled she and the installer spent several hours at the home that day, unboxing the cabinets and setting them in place so the Friedmans could see how they would look. Comose stated she offered to reorder any portions of the cabinets they were dissatisfied with. She testified she spent the next two or three days preparing a list of items to reorder. Comose stated that when she began reordering items, the Friedmans removed her from the project. She explained the Friedmans contacted Crystal Cabinets directly and Derrick Tackett, a sales representative, took over the reorder process. Comose stated the Friedmans arranged with Tackett to pay dealer cost for the reorder. Comose stated she did not "have anything more to do with the project" after June 18 when Tackett informed her the Friedmans did not want her to be involved. Comose agreed that on August 18, 2015, she received an email from Tackett informing her the Friedmans had taken him off the job as well. Comose admitted, "I understand that we were not allowed to install [the cabinets]." When asked about a check for $550.61 paid on September 29, 2015, for "a re-order of boxes" for the kitchen island, she explained she reordered drawer boxes after Mrs. Friedman complained the boxes they received "could have been deeper." However, Comose did not know why she wrote this check in September as opposed to an earlier date, and she commented, "And I have those, by the way."

On April 13, 2017, the Friedmans served a copy of Mr. Friedman's affidavit upon Kitchen Planners by mail. The Friedmans then filed a memorandum titled "memorandum in support of defendant's motion for summary judgment" on April 20, 2017. On April 24, 2017, Kitchen Planners filed a motion to strike the affidavit, arguing it was improper because (1) the Friedmans filed a motion to dismiss and motions to dismiss must be determined by the pleadings only and (2) the affidavit should have been served concurrently with the Friedmans' motion pursuant to Rule 6, SCRCP. It also served and filed Comose's affidavit in opposition, in which she stated she continued to work with Tackett "through November 2015." Comose stated, "For example, on September 29, 2015, I reordered drawer boxes for the island in the kitchen, and paid $550.61." Additionally, she attested another contractor, Viggiano Remodeling, finished the project and "utilized some of the cabinets [she] furnished." In support of this, she attached the contractor's estimate, which stated, "All useable hardware and drawers from the existing Crystal cabinets will be reflected as a credit in final price."

The circuit court heard the Friedmans' motion on April 25, 2017. At the outset of the hearing, Kitchen Planners moved to strike Mr. Friedman's affidavit, relying on its written motion to strike and arguing the document was outside of the pleadings and untimely. The Friedmans argued they timely served the affidavit and their motion was a Rule 56, SCRCP, motion for summary judgment rather than a Rule 12(b)(6), SCRCP, motion to dismiss. The court denied the motion to strike, noting Kitchen Planners had sufficient time to review and submit a response to the affidavit. The court then proceeded with the hearing as a hearing on a motion for summary judgment, and Kitchen Planners did not object.

The circuit court granted the Friedmans' motion, finding there was no question of material fact that Kitchen Planners failed to timely file and serve the lien according to section 29-5-90. *See* § 29-5-90 (providing that "within ninety days after he ceases to labor on or furnish labor or materials for such building," a person seeking to enforce a mechanic's lien must "serve[] upon the owner . . . a statement of a just and true account of the amount due him"). It reasoned the face of the lien stated Kitchen Planners furnished materials and labor from "on or about March 11, 2015 through on or about August 18, 2015," and it served the lien on November 17, 2015—which was a difference of ninety-one days. The court noted "no credible evidence exist[ed] to show [Kitchen Planners] provided any materials or labor" after August 18. Additionally, it concluded the materials furnished were not actually used in the erection, alteration, or repair of a building and that Kitchen Planners knowingly claimed more than it was due in violation of section 29-5-100 and failed to commence the foreclosure action within six months. Kitchen

Planners filed a motion to reconsider pursuant to Rule 59(e), SCRCP, which the circuit court denied. This appeal followed.

## ISSUES ON APPEAL

1. Did the circuit court err by granting the Friedmans' motion for summary judgment?

2. Did the circuit court err by denying Kitchen Planners' motion to strike?

3. Did the circuit court err by awarding attorney's fees to the Friedmans?

## STANDARD OF REVIEW

"When reviewing an order granting summary judgment, the appellate court applies the same standard as the trial court." *David v. McLeod Reg'l Med. Ctr.*, 367 S.C. 242, 247, 626 S.E.2d 1, 3 (2006). "On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party below." *Hurst v. E. Coast Hockey League, Inc.*, 371 S.C. 33, 36, 637 S.E.2d 560, 561-62 (2006). "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Hansson v. Scalise Builders of S.C.*, 374 S.C. 352, 354-55, 650 S.E.2d 68, 70 (2007) (quoting Rule 56(c), SCRCP). "[I]n cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence in order to withstand a motion for summary judgment." *Hancock v. Mid-S. Mgmt. Co.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009). "A court considering summary judgment neither makes factual determinations nor considers the merits of competing testimony; however, summary judgment is completely appropriate when a properly supported motion sets forth facts that remain undisputed or are contested in a deficient manner." *Gecy v. S.C. Bank & Tr.*, 422 S.C. 509, 516, 812 S.E.2d 750, 754 (Ct. App. 2018) (quoting *M&M Grp., Inc. v. Holmes*, 379 S.C. 468, 473, 666 S.E.2d 262, 264 (Ct. App. 2008)). "When evidence is susceptible to more than one reasonable inference, the issue should be submitted to the jury." *Murphy v. Tyndall*, 384 S.C. 50, 54, 681 S.E.2d 28, 30 (Ct. App. 2009).

**LAW/ANALYSIS**

**I. Summary Judgment**

Kitchen Planners argues the circuit court erred by granting summary judgment in favor of the Friedmans. We disagree.

**A. Mechanic's Lien**

"A mechanic's lien is purely statutory. Therefore, the requirements of the statute must be strictly followed." *Butler Contracting, Inc. v. Court St., LLC*, 369 S.C. 121, 130, 631 S.E.2d 252, 257 (2006); *see also Shelley Constr. Co. v. Sea Garden Homes, Inc.*, 287 S.C. 24, 27, 336 S.E.2d 488, 490 (Ct. App. 1985) ("[M]echanic's liens are purely statutory and can only be acquired and enforced in accordance with the conditions of the statute creating them.").

Sections 29-5-10 to -440 of the South Carolina Code (2007 & Supp. 2019) set forth the requirements for establishing and enforcing a mechanic's lien. "The statutory process encompasses several steps, including the (1) creation, (2) perfection, and (3) enforcement of the lien." *Ferguson Fire & Fabrication, Inc. v. Preferred Fire Prot., L.L.C.*, 409 S.C. 331, 340, 762 S.E.2d 561, 565 (2014). "For . . . [the] lien to become valid, the lien must be perfected and enforced in compliance with South Carolina's mechanic's lien statutes." *Id.* at 342, 762 S.E.2d at 566. Section 29-5-10(a) provides,

> A person to whom a debt is due for labor performed or furnished or for materials furnished and actually used in the erection, alteration, or repair of a building . . . by virtue of an agreement with, or by consent of, the owner of the building . . . shall have a lien upon the building or structure and upon the interest of the owner of the building . . . to secure the payment of the debt due to him. . . . As used in this section, labor performed or furnished in the erection, alteration, or repair of any building or structure upon any real estate includes the preparation of plans, specifications, and design drawings . . . . As used in this section, materials furnished and actually used include tools, appliances, machinery, or equipment supplied for use on the building or structure to the extent of their reasonable rental value

during their actual use. . . . For purposes of this section,
the term "materials" includes flooring, floor coverings,
and wall coverings.

"[W]hen the labor is performed or material is furnished, the right exists but *the lien has not been perfected*." *Ferguson Fire*, 409 S.C. at 341, 762 S.E.2d at 566 (quoting *Butler Contracting*, 369 S.C. at 128, 631 S.E.2d at 256)). "Any material supplied for improving real estate by the erection of a building or structure ordinarily gives rise to a mechanics' lien. Materials must, of course, be incorporated into the structure or become fixtures." 22 S.C. Jur. *Mechanics' Liens* § 14 (2020) (footnotes omitted).

Section 29-5-90 provides that "within ninety days after he ceases to labor on or furnish labor or materials for such building," a person seeking to enforce a mechanics lien must "serve[] upon the owner . . . a statement of a just and true account of the amount due him." Otherwise, the "lien shall be dissolved." *Id.*; *see also Butler Contracting*, 369 S.C. at 131, 631 S.E.2d at 257 ("The deadline to serve . . . a mechanic's lien begins running from the date the last material was furnished . . . ."). The court in *Butler* explained,

> [W]he[n] a claimant, after a contract is substantially
> completed, . . . furnishes additional material [that] is
> necessary for the proper performance of his contract, and
> which is done in good faith at the request of the owner or
> for the purpose of fully completing the contract, and not
> merely as a gratuity or act of friendly accommodation,
> the period for filing the lien will run from
> the . . . furnishing of such materials, irrespective of the
> value thereof.

*Butler Contracting*, 369 S.C. at 130-31, 631 S.E.2d at 257 (first alteration in original) (quoting *Wood v. Hardy*, 235 S.C. 131, 140, 110 S.E.2d 157, 161 (1959)). Thus, as we stated in *Shelley Construction*,

> [T]o perfect and enforce the lien against the property, the
> person claiming it must: (1) *serve* and record a certificate
> of lien *within ninety days after he ceases to furnish labor
> or materials* . . . ; (2) bring suit to foreclose the lien
> within six months after he ceases to furnish labor or
> materials . . . ; and (3) file notice of pendency of the

> action within six months after he ceases to furnish labor
> or materials . . . .

287 S.C. at 27, 336 S.E.2d at 490 (emphases added).  If the person claiming the lien "fails to take any one of these steps, the lien against the property is dissolved." *Id.*[1]

Section 29-5-100 provides "[n]o inaccuracy in [the] statement relating to the property to be covered by the lien, if the property can be reasonably recognized, or in stating the amount due for labor or materials shall invalidate the proceedings, unless it appear that the person filing the certificate has wil[l]fully and knowingly claimed more than is his due."  *See also Zepsa Constr. Inc. v. Randazzo*, 357 S.C. 32, 38, 591 S.E.2d 29, 31-32 (Ct. App. 2004) (holding overhead and profit are recoverable under the mechanic's lien statute only "in the limited situation where the terms of overhead and profit are agreed upon by the parties and are subsequently embodied within a contract").

"Minor imperfections and mistakes in the complaint or petition to foreclose a lien do not affect its validity."  22 S.C. Jur. *Mechanics' Liens* § 19 (2020).  "The court may at any time allow either party to amend his pleadings as in other civil actions." § 29-5-180; *see also* 22 S.C. Jur. *Mechanics' Liens* § 19 ("Allegations in a complaint to foreclose a mechanics' lien may be amended.").  However, "[i]t is well settled that parties are judicially bound by their pleadings unless withdrawn, altered or stricken by amendment or otherwise."  *Postal v. Mann*, 308 S.C. 385, 387, 418 S.E.2d 322, 323 (Ct. App. 1992)); *see also Johnson v. Alexander*, 413 S.C. 196, 202, 775 S.E.2d 697, 700 (2015) ("Parties are generally bound by their pleadings and are precluded from advancing arguments or submitting evidence contrary to those assertions."); *Postal*, 308 S.C. at 387, 418 S.E.2d at 323 ("The allegations, statements, or admissions contained in a pleading are conclusive as against the pleader and a party cannot subsequently take a position contradictory of, or inconsistent with, his pleadings and the facts which are admitted by the pleadings are taken as true against the pleader for the purpose of the action.").

---

[1] We also noted dissolution of the lien would not preclude a claimant from maintaining an action on the debt.  *See id.*; § 29-5-420 ("Nothing in this chapter shall be construed to prevent a creditor in such contract from maintaining an action thereon in like manner as if he had no such lien for the security of his debt.").

### 1. Timeliness

Kitchen Planners contends it timely served and filed its mechanic's lien pursuant to section 29-5-90, an amendment pursuant to section 29-5-180 could easily cure the "slight discrepancy" between the date alleged in the lien and the actual date of the last work, and any inaccuracy in the statement of account would not invalidate the proceedings pursuant to section 29-5-100.  Kitchen Planners argues that although its lien stated it last furnished materials or labor "on or about August 18, 2015," evidence showed its work did not conclude until September 29, 2015, when it reordered drawer boxes and issued a check to Crystal Cabinets for $550.61.  It argues it served and filed its lien within ninety days of September 29, 2015.  Kitchen Planners asserts that it also timely commenced the suit for foreclosure on January 13, 2016, which was less than six months after the last work it performed.  We disagree.

First, we find Kitchen Planners is bound by the dates asserted in its pleadings and on the face of the lien.  A claimant seeking to enforce a mechanic's lien must strictly follow the requirements of the statute.  *See Butler Contracting*, 369 S.C. at 130, 631 S.E.2d at 257.  To perfect a mechanic's lien, a claimant must "*serve* and record a certificate of lien *within ninety days after he ceases to furnish labor or materials*."  *Shelley Constr. Co.*, 287 S.C. at 27, 336 S.E.2d at 490 (emphases added); *see also* § 29-5-90.  Here, on the face of the lien, Kitchen Planners asserted its lien was for materials and labor furnished "beginning on or about March 11, 2015 through on or about August 18, 2015."  In its complaint, Kitchen Planners asserted its lien was for labor and materials furnished beginning "in or around March 16, 2015 and continuing through August 18, 2015."  Thus, we find Kitchen Planners is bound by the dates asserted in its pleadings and on the face of the lien.  *See Johnson*, 413 S.C. at 202, 775 S.E.2d at 700; *see also Postal*, 308 S.C. at 387, 418 S.E.2d at 323.  Although Kitchen Planners argues it was entitled to amend its complaint to change the date it last provided materials, it never requested leave of the circuit court to amend its pleadings; rather, it raises this argument for the first time on appeal.  Thus, we find this argument is unpreserved.  *See Herron v. Century BMW*, 395 S.C. 461, 465, 719 S.E.2d 640, 642 (2011) ("At a minimum, issue preservation requires that an issue be raised to and ruled upon by the trial judge.  It is 'axiomatic that an issue cannot be raised for the first time on appeal.'" (citation omitted) (quoting *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998))).

Second, we find the evidence was not sufficient to contest the Friedmans' assertion that August 18, 2015, was the last date labor or materials were furnished.  Neither

Comose's testimony nor her statement in her affidavit that she paid for a reorder of drawer boxes on September 29, 2015, created a genuine issue of material fact as to when Kitchen Planners last furnished materials. *See Gecy*, 422 S.C. at 516, 812 S.E.2d at 754 ("[S]ummary judgment is completely appropriate when a properly supported motion sets forth facts that remain undisputed or are contested in a deficient manner." (quoting *M&M Grp.*, 379 S.C. at 473, 666 S.E.2d at 264)). Here, Comose testified she provided no materials to the Friedmans after June 18, 2015, and did not know why she did not pay for the drawer boxes until September 29. Although she explained she reordered the drawer boxes because Mrs. Friedman pointed out they could have been deeper, she never stated the Friedmans specifically requested or directed her to reorder them. Comose offered no testimony or other evidence to show these drawer boxes were ever delivered to the Friedmans, and when she testified about this reorder, she stated, "And I have those, by the way." Viewing the evidence in the light most favorable to Kitchen Planners, we find the only inference to be gleaned from this testimony is that these additional items were never delivered to the Friedmans or installed in their home. *See* § 29-5-10 (providing materials must be "*furnished and actually used* in the erection, alteration, or repair of a building" to give rise to a lien (emphasis added)); 22 S.C. Jur. *Mechanics' Liens* § 14 (noting the materials furnished must ordinarily "be incorporated into the structure or become fixtures"); *Shelley Constr. Co.*, 287 S.C. at 27, 336 S.E.2d at 490 ("[T]o perfect and enforce the lien against the property, the person claiming it must . . . serve and record a certificate of lien within ninety days after he ceases to furnish labor or materials . . . ."); *Butler Contracting*, 369 S.C. at 130-31, 631 S.E.2d at 257 ("[W]he[n] a claimant, after a contract is substantially completed, . . . furnishes additional material [that] is necessary for the proper performance of his contract, and which is done in good faith at the request of the owner or for the purpose of fully completing the contract, and not merely as a gratuity or act of friendly accommodation, the period for filing the lien will run from the . . . furnishing of such materials, irrespective of the value thereof." (first alteration in original) (quoting *Wood*, 235 S.C. at 140, 110 S.E.2d at 161)). Accordingly, we find the evidence and the pleadings show there was no genuine issue of material fact as to the date—August 18, 2015—that Kitchen Planners last furnished materials to the Friedmans. Ninety days from August 18, 2015, would have been November 16, 2015; Kitchen Planners served the Friedmans on November 17, 2015, which was ninety-one days after Kitchen Planners last furnished materials to the Friedmans. Therefore, we find the circuit court did not err by concluding Kitchen Planners failed to timely serve the lien. Further, because Kitchen Planners failed to serve the lien within ninety days, it must be dissolved, regardless of whether the foreclosure action was filed within six

months.[2] *See Shelby Constr.*, 287 S.C. at 27, 336 S.E.2d at 490 (stating if a person claiming a lien fails to take any one of the three steps required to perfect and enforce the lien, the lien against the property is dissolved). Based on the foregoing, we find the circuit court did not err by granting the Friedmans' motion for summary judgment.

## 2. Actual Use

Next, Kitchen Planners argues there is a genuine issue of material fact as to whether its labor or materials were installed in the Friedmans' home. It contends Viggiano's estimate demonstrated some of the materials it furnished were installed and argues it satisfied section 29-5-10 because it performed all of the labor required under the contract, which was used in the design of the kitchen. Kitchen Planners concedes it recovered the actual wholesale cost of the cabinets but argues it spent "hundreds of hours" designing and implementing the remodeling of the kitchen and was entitled to the balance of the contract price for its labor and the expense of the cabinets.[3] We disagree.

Viewing the evidence in the light most favorable to Kitchen Planners, we find it failed to show the materials were actually used in the Friedmans' home. *See* § 29-5-10 ("A person to whom a debt is due for . . . materials *furnished and actually used* in the erection, alteration, or repair of a building . . . shall have a lien upon the building . . . to secure the payment of the debt due to him." (emphasis

---

[2] We note Kitchen Planners argues the circuit court should not have made decisions concerning credibility when, in denying her motion to reconsider, the court stated Comose's affidavit "was not credible as it was a self-serving statement" and contradicted all other evidence, including Comose's deposition. Though we note witness credibility is not a proper consideration in deciding a motion for summary judgment, given our standard of review on appeal, we need not consider this argument. *See David*, 367 S.C. at 247, 626 S.E.2d at 3 ("When reviewing an order granting summary judgment, the appellate court applies the same standard as the trial court."); *Gecy*, 422 S.C. at 516, 812 S.E.2d at 754 ("A court considering summary judgment neither makes factual determinations nor considers the merits of competing testimony . . . ." (quoting *M&M Grp., Inc.*, 379 S.C. at 473, 666 S.E.2d at 264)).

[3] Kitchen Planners asserts Comose's hourly rate was $125 per hour. However, this figure does not appear in the record. Further, the record contains no evidence as to the number of hours Kitchen Planners spent on the project.

added)); 22 S.C. Jur. *Mechanics' Liens* § 14 (noting the materials furnished must "be incorporated into the structure or become fixtures"). In their answer, the Friedmans asserted the cabinets were never installed. In its responsive pleading, Kitchen Planners admitted those allegations, and Comose acknowledged the cabinets were not installed. Although Kitchen Planners asserts that because the Friedmans refused to allow the cabinets to be installed they should be estopped from avoiding the lien on this basis, it raises this argument for the first time on appeal. *See Herron*, 395 S.C. at 465, 719 S.E.2d at 642 ("It is 'axiomatic that an issue cannot be raised for the first time on appeal.'" (quoting *Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733)). Further, the Viggiano estimate does not create a genuine issue of material fact because the statement "[a]ll useable hardware and drawers from the existing Crystal cabinets will be reflected as a credit in final price" is not probative of whether any such items were actually installed. Based on the foregoing, we find the only reasonable inference that can be drawn from the pleadings and evidence is that the materials were never installed in the Friedmans' home. *See Hansson*, 374 S.C. at 354-55, 650 S.E.2d at 70 ("Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (quoting Rule 56(c), SCRCP)). Accordingly, we find there was no genuine issue of material fact as to whether the materials were installed in the Friedmans' home.

### 3. Overhead and Profit

Kitchen Planners contends the circuit court erred by concluding it claimed more than it was entitled to under the lien in violation of section 29-5-100. *See* § 29-5-100 (providing an "inaccuracy . . . in stating the amount due for labor or materials shall invalidate the proceedings[ if] it appear[s] that the person filing the certificate has wil[l]fully and knowingly claimed more than is his due"); *see also Zepsa Constr. Inc.*, 357 S.C. 32, 591 S.E.2d 29 (holding overhead and profit are recoverable only "in the limited situation where the terms of overhead and profit are agreed upon by the parties and are subsequently embodied within a contract"). Because we have concluded Kitchen Planners failed to satisfy the statutory requirements to establish the existence of a valid lien, we need not address this issue. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address remaining issues when its determination of a prior issue is dispositive).

For the foregoing reasons, we find there was no genuine issue of material fact as to Kitchen Planners' claim for a mechanic's lien and foreclosure. Thus, we find the circuit court did not err by granting summary judgment in favor of the Friedmans.

## II. Motion to Strike

Kitchen Planners argues the Friedmans failed to serve Mr. Friedman's affidavit with their motion to dismiss and therefore the circuit court erred by denying its motion to strike the affidavit as untimely pursuant to Rule 6(d), SCRCP. Additionally, it contends the circuit court erred by allowing the Friedmans to convert a motion to dismiss into a motion for summary judgment. We disagree.

First, we find unpreserved Kitchen Planners' argument the circuit court improperly treated the motion to dismiss as a motion for summary judgment because it advances this argument for the first time on appeal. *See Herron*, 395 S.C. at 465, 719 S.E.2d at 642 ("It is 'axiomatic that an issue cannot be raised for the first time on appeal.'" (quoting *Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733)).

Regardless, even assuming the argument is preserved, we find the circuit court did not err by treating the motion as one for summary judgment. Rule 12(b), SCRCP, provides:

> If, on a motion . . . to dismiss for failure of the pleading to state facts sufficient to constitute a cause of action, matters outside the pleading are presented to and not excluded by the [c]ourt, *the motion shall be treated as one for summary judgment* and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

(emphasis added); *see also* Rule 6(d), SCRCP ("A written motion . . . shall be served not later than ten days before the time specified for the hearing . . . . When a motion is to be supported by affidavit, the affidavit shall be served with the motion . . . ."); Rule 56(b), SCRCP ("A party against whom a claim, counterclaim, or cross-claim is asserted . . . may, *at any time*, move *with or without supporting affidavits* for a summary judgment in his favor as to all or any part thereof." (emphases added)). When the court treats a motion to dismiss as a motion for summary judgment, the "parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *See* Rule 12(b), SCRCP.

Here, although the Friedman's motion was titled "motion to dismiss," the body of the motion referenced only Rule 56 and did not reference Rule 12(b)(6). Therefore, we find the reference to Rule 56 in the body of motion was sufficient to place Kitchen Planners on notice that the Friedmans intended to proceed with a motion for summary judgment. Kitchen Planners did not argue it had an insufficient opportunity to present evidence in opposition to the Friedmans' motion, and in fact it did present evidence in opposition. Accordingly, even assuming the issue is preserved, we find the circuit court did not err by treating the motion as a motion for summary judgment.

Further, we find the circuit court did not abuse its discretion by refusing to strike Mr. Friedman's affidavit. *See Peterson v. Nat'l R.R. Passenger Corp.*, 365 S.C. 391, 399, 618 S.E.2d 903, 907 (2005) ("The admission of evidence is within the sound discretion of the trial judge, and absent a clear abuse of discretion amounting to an error of law, the trial court's ruling will not be disturbed on appeal."). Here, the Friedmans filed their motion for summary judgment on January 17, 2017, and the court heard the motion on April 25, 2017. Although they filed their memorandum and exhibits on April 20, 2017, the Friedmans served Kitchen Planners with Mr. Friedman's affidavit on April 13, 2017—more than ten days in advance of the hearing. *See* Rule 6(d), SCRCP. Kitchen Planners did not argue it had insufficient time to respond to the affidavit; in fact, it submitted an opposing affidavit, which the circuit court accepted. Moreover, as we stated, Kitchen Planners did not object to the circuit court treating the motion as one for summary judgment. Based on the foregoing, we find the circuit court did not abuse its discretion by refusing to exclude the affidavit.

## III. Attorney's Fees

Kitchen Planners argues the circuit court erred by awarding attorney's fees because the Friedmans did not properly prove they were entitled to such fees. We disagree.

A party defending against a mechanic's lien may recover a reasonable attorney's fee in defending against the lien. *See* § 29-5-20(a) ("If the party defending against the lien prevails, the defending party *must* be awarded . . . a reasonable attorney's fee as determined by the court. The fee and the court costs may not exceed the amount of the lien." (emphasis added)). Because we concluded the Friedmans were entitled to summary judgment, we find the circuit court did not err by concluding they were entitled to reasonable attorney's fees as the prevailing party. *See* §§ 29-5-10 to -20; *see also Jackson v. Speed*, 326 S.C. 289, 308, 486 S.E.2d 750, 760 (1997) (providing that when determining a reasonable attorney's fee,

courts should consider the following: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; and (6) customary legal fees for similar services")).  Here, the amount of the lien was $16,594.68, and the Friedmans requested $16,594.68 in attorney's fees in their attorney's fee affidavit, which they filed and served several days prior to the summary judgment hearing.  The circuit court granted the request and found the fees listed in the affidavit met "the factors necessary to determine reasonable attorney's fees as set out in Rule 407, [SCACR], and *Jackson v. Speed*."  Although we acknowledge the circuit court did not analyze these factors, Kitchen Planners challenges only the sufficiency and contents of the fee affidavit rather than the circuit court's finding as to the reasonableness of the fees.  Kitchen Planners argues the fee affidavit failed to itemize the 58.6 attorney hours claimed and it was "difficult to conceive how an attorney could expend almost 60 hours in this case."  However, Kitchen Planners failed to challenge the Friedmans' submission of the fee affidavit during the summary judgment hearing and challenged the contents of the fee affidavit for the first time in its Rule 59(e), SCRCP, motion.  Therefore, we find this argument unpreserved for our review.  *See Johnson v. Sonoco Prods. Co.*, 381 S.C. 172, 177, 672 S.E.2d 567, 570 (2009) ("An issue may not be raised for the first time in a motion to reconsider.").  Accordingly, we find the circuit court did not err by awarding $16,594.68 in attorney's fees.

## CONCLUSION

We find Kitchen Planners failed to serve and file its mechanic's lien within ninety days of the last date it supplied materials or labor and no evidence showed the materials were actually used in the home.  Therefore, we affirm the circuit court's order granting summary judgment in favor of the Friedmans pursuant to sections 29-5-10 and 29-5-90.  Further, we find the circuit court did not err by treating the motion as a motion for summary judgment or by refusing to strike Mr. Friedman's affidavit.  Finally, we find the circuit court did not err by awarding attorney's fees to the Friedmans.  For the foregoing reasons, the ruling of the circuit court is

**AFFIRMED.**

**KONDUROS and HILL, JJ., concur.**