**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Camille Bird, Appellant,

v.

PetSmart, LLC and FreshPet, Inc., Defendants,

Of which PetSmart, LLC is the Respondent.

Appellate Case No. 2024-000678

———————

Appeal From Greenville County
G. D. Morgan, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-088
Submitted January 2, 2026 – Filed February 25, 2026

———————

**REVERSED AND REMANDED**

———————

Thomas M. Creech, Jr., of Law Offices of Thomas M. Creech, Jr., LLC, of Greenville, for Appellant.

Matthew Clark LaFave, of LaFave Bagley, LLC, of Columbia, for Respondent.

———————

**PER CURIAM:** In this slip and fall case, Camille Bird appeals the circuit court's order granting summary judgment in favor of PetSmart, LLC (PetSmart), arguing the circuit court erred in finding there was no genuine issue of material fact as to

whether PetSmart had actual or constructive knowledge of the dangerous condition and failed to remedy it at the time of her fall.  We reverse and remand for a new trial pursuant to Rule 220(b), SCACR.

Viewing the evidence in the light most favorable to Bird, we hold the circuit court erred in granting summary judgment to PetSmart because Bird raised a genuine issue of material fact as to whether PetSmart had actual or constructive notice of the hazardous condition that caused her fall and failed to remedy it.[1]  *See USAA Prop. & Cas. Ins. Co. v. Clegg*, 377 S.C. 643, 653, 661 S.E.2d 791, 796 (2008) ("When reviewing the grant of a summary judgment motion, appellate courts apply the same standard that governs the [circuit] court under Rule 56(c) [of the South Carolina Rules of Civil Procedure], which provides that summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); Rule 56(c), SCRCP (providing that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Singleton v. Sherer*, 377 S.C. 185, 197, 659 S.E.2d 196, 202 (Ct. App. 2008) ("On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party."); *Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013) ("[I]t is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine."); *Murphy v. Tyndall*, 384 S.C. 50, 54, 681 S.E.2d 28, 30 (Ct. App. 2009) ("Because it is a drastic remedy, summary judgment should be cautiously invoked so no person will be improperly deprived of a trial of the disputed factual issues." (quoting *Carolina All. For Fair Emp. v. S.C. Dep't of Lab., Licensing, & Regul.*, 337 S.C. 476, 485, 523 S.E.2d 795, 799 (Ct. App. 1999))); *Wintersteen v. Food Lion, Inc.*, 344 S.C. 32, 35, 542 S.E.2d 728, 729 (2001) ("To recover damages for injuries caused by a dangerous or defective condition on a storekeeper's premises, the plaintiff must show either (1) that the injury was caused by a specific act of the defendant which created the dangerous condition; or (2) that the defendant had actual or constructive

---

[1]To the extent Bird argues the circuit court erred in finding insufficient evidence establishing PetSmart placed the water on the floor, we hold this issue is abandoned because it was not supported by authority.  *See State v. Howard*, 384 S.C. 212, 217, 682 S.E.2d 42, 45 (Ct. App. 2009) ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by any authority.").

knowledge of the dangerous condition and failed to remedy it."); *id.* at 35, 542 S.E.2d at 729-30 ("In the case of a foreign substance, the plaintiff must demonstrate either that the substance was placed there by the defendant or its agents, or that the defendant had actual or constructive notice that the substance was on the floor at the time of the slip and fall."); *Calvert v. House Beautiful Paint & Decorating Ctr., Inc.*, 313 S.C. 494, 496, 443 S.E.2d 398, 399 (1994) ("The mere fact the substance was on the floor is insufficient standing alone to charge the storekeeper with negligence."). Bird testified she did not see a wet floor sign when she slipped and fell; however, a PetSmart assistant manager testified that when he arrived at the scene, a wet floor sign was already placed where Bird fell. Therefore, we hold there existed a genuine issue of material fact as to whether PetSmart had constructive notice of a dangerous condition and failed to remedy it, resulting in Bird's fall. *See Brooks v. Northwood Little League, Inc.*, 327 S.C. 400, 403, 489 S.E.2d 647, 648 (Ct. App. 1997) (recognizing that summary judgment may be granted "when the evidence is susceptible of *only one* reasonable interpretation" (emphasis added)); *cf. Legette v. Piggly Wiggly, Inc.*, 368 S.C. 576, 580-81, 629 S.E.2d 375, 377-78 (Ct. App. 2006) (finding summary judgment favoring a grocery store in a slip and fall case was proper when employee testimony, photographs, and an incident report all indicated mats and warning signs were present when the plaintiff fell, and the plaintiff only offered "uncertain," "vacillating testimony" to show otherwise).

**REVERSED AND REMANDED.**[2]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.